COATES *v.* MILNER HOTELS, INC.

1. Pleading—Amendment—Leave of Court.
   A declaration may be amended without leave of court at any time before an answer is put in (3 Comp. Laws 1929, §§ 14021, 14144, 14150; Court Rule No. 26 [1933]).

2. Same—Amendment.
   An amended declaration which merely changed the name of the corporate defendant and added an individual as an additional defendant did not introduce a new cause of action (3 Comp. Laws 1929, §§ 14021, 14144, 14150).

3. Same—Correction of Misnomer.
   Amendment of declaration which merely changed name of corporate defendant was the correction of a misnomer permitted by the statute of amendments (3 Comp. Laws 1929, §§ 14021, 14144, 14150).

4. Same—Reversal of Motion to Dismiss—Subsequent Pleading.
   A party who was made defendant by amended declaration that was dismissed when service was quashed is entitled to plead to the declaration upon reversal of order of quashal.

5. LIMITATION OF ACTIONS—PERSONAL INJURIES—NEGLIGENCE—IM-
PLIED CONTRACTS—TORTS.
    The three-year statute limiting the time within which an action
    for injuries to the person may be brought applies to all ac-
    tions to recover for an injury to the person arising because
    of negligence whether based upon implied contract or tort
    (3 Comp. Laws 1929, § 13976, as amended by Act No. 72,
    Pub. Acts 1941).

Appeal from Wayne; Merriam (DeWitt H.), J.
Submitted January 9, 1945. (Docket No. 68, Cal-
endar No. 42,106.) Decided April 12, 1945.

Action by Grace Coates against Milner Hotel
Company for damages for assault and battery.
Amendment to declaration filed changing name of
defendant to Milner Hotels, Inc., and adding
Earle R. Milner as party defendant. Petition to add
Earle R. Milner as party defendant. Order dis-
missing action and quashing service of declaration
and amended declaration. Plaintiff appeals. Re-
versed and remanded for further proceedings.

*Edmund M. Sloman,* for plaintiff.

*Leo J. Carrigan,* for defendant.

BUSHNELL, J. Plaintiff Grace Coates commenced
suit on May 22, 1941, against Milner Hotel Com-
pany, in an action of trespass on the case. She
charged that, because of the negligence of the
named defendant, her room at the Reid Hotel,
where she was a guest, was entered by one John
Doe, also known by the name of "Orange," who,
while under the influence of liquor, violently as-
saulted her. In a second count she claimed damages
because of a breach of an implied contract to pro-
tect her against intrusion while in the peaceful

and quiet enjoyment of her room. In each of the counts she charged that the assault occurred on the night of June 17, 1938. This date becomes important because of matters hereinafter stated.

This declaration, with rule to plead indorsed thereon, was served upon Milner Hotel Company, a Michigan corporation, on May 26, 1941, by handing the same to John Fredericks, assistant treasurer of that corporation. Milner Hotels, Inc., a Michigan corporation, appeared and moved to quash the service for the reason that Milner Hotel Company, a Michigan corporation, had been dissolved on July 12, 1935, and that Milner Hotels, Inc., did not own or operate the premises described in the declaration as the Reid Hotel, and that those premises had never at any time been owned or operated by either Milner Hotels, Inc., or Milner Hotel Company.

On June 13, 1941, plaintiff filed an amended declaration with rule to plead, naming Milner Hotels, Inc., a Michigan corporation, and Earle R. Milner, jointly and severally, as defendants. In this amended declaration the alleged trespass and breach of implied contract are said to have occurred on June 19, 1938. Service of the amended declaration was made upon John R. Fredericks, authorized agent for Earle R. Milner on June 20, 1941, and on Kenneth J. Hale, secretary of Milner Hotels, Inc., on June 18, 1941.

The trial judge filed a written opinion on September 2, 1941, in which he stated that the amended declaration had been filed without first obtaining any order or leave of court as required by statute (3 Comp. Laws 1929, §§ 14021, 14144 and 14150 [Stat. Ann. §§ 27.665, 27.838 and 27.844]), and that on July 7, 1941, after the statute of limitations (3 Comp. Laws 1929, § 13976, as amended by Act No.

72, Pub. Acts 1941 [Comp. Laws Supp. 1943, § 13976, Stat. Ann. 1944 Cum. Supp. § 27.605]) had barred the action, plaintiff filed a petition asking leave to add Earle R. Milner as a defendant, and for the entry of an order *nunc pro tunc* as of June 18, 1941. The court held that the service of the declaration and amended declaration should be quashed and the action dismissed.

On October 14, 1941, plaintiff filed an affidavit of default as to Earle R. Milner, an affidavit of regularity, and an order *pro confesso*. The last-named defendants, on October 29, 1941, filed a motion to quash the service of the amended declaration and to set aside the order of default. On January 6, 1942, the circuit judge addressed a letter to counsel stating that he had carefully considered the matter for "many months," had heard the motions to quash, et cetera, that his opinion as expressed on September 2, 1941, was unchanged, and that an order should be presented in accordance therewith. On February 2, 1942, a final order was entered quashing the service of the declaration and amended declaration, setting aside the order of default, and dismissing plaintiff's action. From this order plaintiff appealed.

Appellant incorrectly contends that the defense of the statute of limitations was not pleaded. In the motion to quash, filed October 29, 1941, Earle R. Milner specifically stated that the statute of limitations had barred any action against him at the time application was made to the court to add his name as a party defendant.

Two questions are presented:

(1) Could the pleadings be amended without order of court?

(2) Is plaintiff's second count for breach of an implied contract barred by the statute?

3 Comp. Laws 1929, § 14021 (Stat. Ann. § 27.665), reads:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require."

3 Comp. Laws 1929, § 14144 (Stat. Ann. § 27.838), reads:

"The court in which any action or proceedings shall be pending, shall have power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment or decree rendered therein. The court at every stage of the action or proceedings shall disregard any error or defect in the proceedings, which do [does] not affect the substantial rights of the parties."

3 Comp. Laws 1929, § 14150 (Stat. Ann. § 27.844), reads:

"No process, pleading or record, shall be amended or impaired by the clerk or other officer of any court, or by any other person, without the order of such court, or of some other court of competent jurisdiction."

The amended declaration was filed before an answer was "put in," and under the provisions of Court Rule No. 26 (1933), as amended, leave of court was not required. Section 1 of that rule reads as follows:

"A plaintiff may at any time before answer is put in, or within 15 days thereafter, amend his declaration or bill of complaint, and a defendant within 15 days after his answer is put in, may

amend the same; without leave of court and without costs.''

This declaration did not introduce a new cause of action. *Pratt* v. *Montcalm Circuit Judge,* 105 Mich. 499, and, on its face, was filed before the statute of limitations had run. *Belden* v. *Blackman,* 124 Mich. 667; *August* v. *Collins,* 260 Mich. 232, 236; *McLeod* v. *Savoy Hotel Co.,* 267 Mich. 352, 359; and *L. A. Young Spring & Wire Corp.* v. *Falls,* 307 Mich. 69, 90.

So far as the Milner Hotel Company is concerned, the amended declaration merely corrected a misnomer. See *Detroit Independent Sprinkler Company* v. *Plywood Products Corporation, ante,* 226. As to defendant Earle R. Milner, who was joined in the amended declaration as a party defendant, plaintiff's cause of action had not been barred so far as is shown by the allegations of the amended declaration.

The trial judge was in error in quashing the service of the several declarations, and the order of the trial court must be vacated, but defendant Milner must be allowed the same opportunity as other defendants to plead thereto.

Since the second question propounded must eventually be determined, we pass on that also, viz.: Is an action to recover damages for personal injuries upon an implied contract theory subject to the three-year limitation? The statute, 3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 13976, Stat. Ann. 1944 Cum. Supp. § 27.605), reads in part as follows:

"All actions in any of the courts of this State shall be commenced within 6 years next after the causes of action shall accrue, and not afterward, except as hereinafter specified: Provided, however, * * *

"2. Actions to recover damages for injuries to person or property and actions for trespass upon lands shall be brought within 3 years from the time said actions accrue, and not afterwards."

In 34 American Jurisprudence, p. 83, under the heading of "Limitations of Actions," § 103, we find the following:

"Whether an action is *ex contractu* or *ex delicto* does not ordinarily affect the applicability of a statute declaring that an action for damages for injury resulting from negligence must be commenced within a prescribed time after the cause of action accrues, where the nature and origin of the liability asserted are, regardless of form, a liability for damages caused by negligence. Similarly, although there is authority to the contrary, it is generally held that where a statute limits the time in which an action for 'injuries to the person' may be brought, the statute is applicable to all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, in preference to a general statute limiting the time for bringing actions *ex contractu*."

A similar statement is found in 37 C. J. p. 774, "Limitations of Actions," § 112, and annotations of authorities on the subject may be found in 1 A. L. R. p. 1313, and 62 A. L. R. p. 1417. An examination of these authorities indicates the better rule to be that actions for personal injuries, resulting from negligence although arising out of a breach of implied contract, are controlled by the statutory limitation of actions upon damages for injuries to the person, which in this State is three years from the time such actions accrue, and not afterwards.

The order dismissing plaintiff's declaration and amended declaration is vacated and defendant Earle R. Milner's default set aside. The cause is

remanded for further proceedings in conformity to this opinion. It is so ordered, with costs to appellant.

STARR, C. J., and NORTH, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.