**William F. LEONICK, Plaintiff,**

v.

**JONES & LAUGHLIN STEEL CORPO-
RATION, Defendant.**

**Civ. A. No. 17346.**

United States District Court
E. D. New York.

May 16, 1957.

Dassa & Honig, for plaintiff, by Lawrence M. Honig, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant, by William A. Ziegler, Jr., New York City, of counsel.

BYERS, District Judge.

This is a defendant's motion to dismiss the complaint for failure to state a claim, etc., pursuant to Rule 12(b), Fed. Rules Civ.Proc., 28 U.S.C.A., on the

ground that the action is barred by limitation.

The cause as pleaded arises under the applicable provisions of the Selective Training and Service Act of 1940 as amended, having to do with the reemployment of veterans after their discharge from the Armed Forces of the United States.

The following facts are deemed to be true:

(1) On January 25, 1943 the plaintiff, having been previously employed by the defendant as a checker-driver, left that employment to enter the United States Army, and received an honorable discharge and was separated from that service on or about November 4, 1945.

(2) On or about November 12, 1945 he appeared at his place of employment and applied for restoration of his former position or to a position of like seniority, status and pay, within the purview of the Act (Title 50 U.S.C.App. § 308).[1] This was clearly within the ninety day period specified in the statute in subdivision (b).

(3) Plaintiff's application was not approved and he was not employed by the defendant until sometime in 1947 when he was hired "as a new man, in a position as laborer, instead of the old job he had held prior to induction." The foregoing is taken from the plaintiff's affidavit in opposition to this motion.

This complaint was filed on February 21, 1957 over eleven years after his application for reinstatement as above set forth, and the question for decision on the motion is whether his cause is barred by limitation.

The statute itself contains no period of limitation for commencement of such an action, and the plaintiff's argument, if understood, is that there is no such limitation and consequently this court is open to a plaintiff at any time, however long it may be after he has unsuccessfully sought to induce his employer to comply with the provisions of the Act.

It is difficult to see how this can be so, for reasons which must be apparent.

Fortunately the subject has been examined and discussed in the case of Delman v. Federal Products Corporation, D. C.R.I., 136 F.Supp. 241. That case cannot be distinguished from this in any essential respect, although the delay involved in the institution of that cause was something over eight years. Judge Day said that in the absence of a statutory period of limitation, the State Statute of Rhode Island would be deemed to control, namely, six years after the accrual of the cause of action.

The reasoning of that opinion is convincing so far as this court is concerned, and since this plaintiff is a resident of the State of New York, a like process points to the applicability of the statutory limitation provisions of the New York Civil Practice Act, namely:

"§ 48. *Actions to be commenced within six years.* The following actions must be commenced within six years after the cause of action has accrued:

\* \* \* \* \*

"2. An action to recover upon a liability created by statute, except a penalty or forfeiture."

Seemingly it is argued for the plaintiff that his cause of action did not arise until sometime during the months of October or November of 1956 because he sought departmental assistance by reason of the said refusal to reinstate. He argues that the refusal to reinstate did not become final until 1956 when, in the course of the departmental hearing, records were produced for the first time which were not in accord with plaintiff's present assertions.

It is not perceived that the plaintiff's position is consistent; he would not have sought departmental assistance except for the alleged failure to reinstate. Therefore that failure dates back to the month of November, 1945; this means that the plaintiff's statutory rights were recognized and asserted by him as of

1. Now 50 U.S.C.A.Appendix, § 459.

the month of November, 1945, which is the same thing as saying that it was during that month that his purported cause of action arose and continued for the ensuing period of six years.

Paragraph Eighth of the complaint must be so interpreted, being in this form:

"That defendant has failed, refused and neglected and continues to refuse to restore the plaintiff to such former position and make proper reimbursement, etc."

The plaintiff's affidavit in opposition to this motion is not clear as to the approximate date of the initiation of the departmental review, but it is clear that one or more hearings were indeed conducted by a Mr. Charles Hoffman of the United States Department of Labor.

It seems, however, that the plaintiff chose that method to accomplish his purpose rather than the institution of a law suit for reasons of discretion that can be understood, but the obstacle of limitation of action was not thereby avoided.

The Delman decision, supra, will be followed, which means that the defendant's motion to dismiss must be granted.

Settle order.

#### On plaintiff's motion to reargue

This is a plaintiff's motion to reargue the grant of defendant's motion to dismiss, embodied in an order dated May 27, 1957.

The plaintiff relies upon two decisions of the Supreme Court "to the attention of which the court was not drawn," namely Russell v. Todd, 309 U.S. 280, 60 S.Ct. 527, 84 L.Ed. 754, and Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743.

The argument is that since the plaintiff's asserted cause is equitable in nature, the plaintiff's claim for relief should not have been held to be subject to the New York State statute of limitations.

It should be said that the essential provisions of Title 50 U.S.C.App. § 308, referred to in paragraph Third of the complaint, are now embodied in Title 50 U.S.C.A.Appendix, § 459, in effect on February 27, 1957 when the complaint was filed.

Subdivision (d) provides that if "any private employer fails to comply with * * * [the applicable reemployment sections] the district court of the United States * * * shall have power * * * specifically to require such employer to comply with such provisions and to compensate such persons for any loss of wages * * *."

Since the relief sought is urged not to be for money damages as such, it is argued the plaintiff's cause is equitable. It is clear however that an award of money is sought, for the demand in the complaint is for restoration to plaintiff's former position, etc., "and for damages in the sum of Fifteen Thousand Dollars ($15,000.00) and for attorney's fees and costs."

Thus the cause as pleaded seems to be cast in a dual form, and is therefore not wholly equitable in nature.

If plaintiff's above argument were to be accepted, the question would be: Do the cited cases call for a different decision of the motion?

Russell v. Todd was an action in equity brought by creditors of an insolvent land bank to enforce shareholders' liability; the amount thereof could be determined only by a proceeding in the nature of an accounting.

The question for decision was whether the New York three year period of limitation governed, Civil Practice Act, § 49, and a holding below that it did not, was affirmed, since the remedy sought was exclusively equitable.

At page 293 of 309 U.S., at page 534 of 60 S.Ct. the opinion states:

"We take it that in the absence of a controlling act of Congress federal courts of equity, in enforcing rights arising under statutes of the United States, will without reference to the Rules of Decision Act, adopt and apply local statutes of limitations which are

applied to like causes of action by the state courts. Cf. Mason v. United States, 260 U.S. 545, 43 S.Ct. 200, 67 L.Ed. 396; Board of Com'rs of Jackson County v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313, this term. In thus giving effect to state statutes of limitations as a substitute or supplement for the equitable doctrine of laches, it must appear with reasonable certainty that there is a state statute applicable to like causes of action. As that does not appear here with respect to the three-year statute, the court below rightly declined to give effect to that statute and as it found that the cause of action was not barred by laches, it rightly gave judgment for respondents."

The New York State statute which in terms applies to this plaintiff's cause was quoted in the opinion of May 16, 1957.

Since this plaintiff's case does not invoke the essential principles or procedures which are peculiar to equity jurisdiction, and which were found to be present in the Todd case, no reason is perceived for holding that the latter is dispositive of this cause.

Holmberg v. Armbrecht was similar in basis and purpose, to the Todd suit. There was involved an element of concealment of ownership of land bank stock by a stockholder, and it was promptly upon discovery thereof, that the suit was brought.

The court held that the New York ten year statute of limitations, Civil Practice Act, § 53, did not apply because the court was not adjudicating a state created right, but a federally created right, for which the sole remedy was in equity. On page 396 of 327 U.S., on page 584 of 66 S.Ct. the opinion says:

"A federal court may not be bound by a State statute of limitation and yet that court may dismiss a suit where the plaintiffs' 'lack of diligence is wholly unexcused; and both the nature of the claim and the situation of the parties was such as to call for diligence.' [Citing]. A suit in equity may fail though 'not barred by the act of limitations.'."

The opinion continues to point out that where lack of diligence is due to fraud, mere lapse of time will not appeal to equity as a reason to stay its hand.

This complaint contains no allegation of fraud, and for reasons heretofore stated, it is clear to this court that the plaintiff chose to pursue his administrative remedy, rather than to institute the litigation that the statute prescribed; and that his delay in so proceeding for eleven years has barred his present cause.

The result of course would not be changed if the term "laches" were substituted for "limitation."

While the plaintiff's cause can be conveniently deemed partly equitable in aspect, it is not so exclusively so as to render the cited cases controlling. The earlier decision will be adhered to.

Motion denied. Settle order.