FRIES *v.* HOLLAND HITCH COMPANY.

1. LIMITATION OF ACTIONS—CONFLICT OF LAWS.

The Court, by statute, applies the period of limitations provided by the place where an action accrues or this State, whichever bars the claim, to a claim accruing outside the State (CLS 1961, § 600.5861).

2. SAME—TORTS—BREACH OF CONTRACT.

The period for bringing actions for injury to person or property is 3 years at most (less for some types of injury), but the period for bringing actions for breach of contract is 6 years (CLS 1961, §§ 600.5805, 600.5807).

3. SAME—TORT—BREACH OF CONTRACT.

A party cannot invoke the longer statute of limitations by the mere expedient of calling a tort a breach of implied contract; but an action for breach of contract will not be subject to the 3-year statute of limitations for torts simply because the breach arose as the result of defendant's negligence (CLS 1961, §§ 600.5805, 600.5807).

4. SAME—INJURIES TO PERSON OR PROPERTY.

An action for injury to person or property in the absence of breach of an express contract is in substance couched in terms of a tortious wrong, and must be brought within 3 years of the time the action arose (CLS 1961, § 600.5805).

5. SAME—INJURY TO PERSONAL PROPERTY—BREACH OF CONTRACT.

The 3-year period of limitation controls where an injury is to specific property or person, the 6-year limitation period being an exception applicable to actions wherein the injury is occasioned by breach of some express contractual provision (CLS 1961, §§ 600.5805, 600.5807).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Limitation of Actions § 51.
[2] 34 Am Jur, Limitation of Actions §§ 79, 102.
[3–7] 34 Am Jur, Limitation of Actions § 103.

6. SAME—BREACH OF CONTRACT.

   Breach of a commercial contract where such breach injures one in his financial expectations or economic benefit rather than in his person or specific property is subject to a 6-year limitation period (CLS 1961, § 600.5807).

7. SALES—BREACH OF WARRANTY—LIMITATION OF ACTIONS.

   Action by owner of truck tractor and trailer and his subrogees against manufacturer of trailer hitch for damages to tractor, trailer, and cargo caused by failure of trailer hitch, pleaded as an action for breach of warranty of fitness for ordinary purposes for which intended, *held,* to be barred by 3-year statute of limitations when brought 3 years and 11 months after the injury occurred (CLS 1961, § 600.5805).

Appeal from Ottawa, Smith (Raymond L.), J. Submitted Division 3 February 6, 1968, at Grand Rapids. (Docket No. 4,300.) Decided June 27, 1968.

Complaint by Herbert H. Fries, Maryland Casualty Company, a foreign corporation, Midwestern Indemnity Company, a foreign corporation, and Selected Meat Company, a foreign corporation, against Holland Hitch Company, a Michigan corporation, for breach of implied warranty. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Metry, Metry, Sanom, Ashare & Goldman (Thomas C. Schrader,* of counsel), for plaintiffs.

*Smith, Haughey & Rice (James E. Gould,* of counsel), for defendant.

J. H. GILLIS, J. This is an action to recover for injuries to a tractor rig and for other incidental damages allegedly caused by the failure of a trailer hitch manufactured by defendant. The hitch, a so-called "fifth wheel assembly" failed allegedly because of inferior cold rolled steel used in its manufacture. As a result of the failure, a trailer while being hauled

broke loose and rolled over taking the tractor rig into the ditch with it. Damages were claimed for injury to both vehicles along with costs of renting equipment to salvage the cargo being hauled and for other losses of use of the damaged trailer and tractor.

The action was based on an alleged breach of warranty that the trailer hitch would be fit for the ordinary purposes for which it was intended to be used. Plaintiffs claim that there was a defect in the steel used in fabricating the hitch, that defendant knew or should have known of this defect, and that by virtue of this defect the hitch was rendered unfit for the ordinary purposes intended.

The accident which gave rise to the injuries claimed occurred in Ontario, Canada, on May 16, 1963. Action was instituted in the Ottawa county circuit court by complaint dated March 17, 1967. Defendant made timely motion for accelerated judgment (GCR 1963, 116.1) alleging that this action, brought more than 3 years after the accident, was barred by the statute of limitations. The trial court granted accelerated judgment and plaintiffs have presented this claim of appeal.

The sole issue raised on appeal is whether this action, sounding in breach of implied warranty, is barred by the 3-year limitation provision of CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

Plaintiffs have attempted to raise a second issue on this appeal by asserting that the trial court should have applied the longer (4-year) statute of limitations contained in the Ohio uniform commercial code (UCC § 2–725)* because the action arose under Ohio

---

* See PA 1962, No 174, § 2725 (MCLA § 440.2725, Stat Ann 1964 Rev § 19.2725) which is Michigan's enactment of the same UCC § 2–725. This act took effect in Michigan on January 1, 1964. Whether or not the limitations of section 2–725 would govern is immaterial since by its own terms it would be inapplicable to this action accruing prior to its enactment.

law. It is claimed by plaintiffs that the Ohio limitation is substantive (directly affecting the statutory right of action) and that it should govern the action. Plaintiffs cite as authority *Maki* v. *George R. Cooke Company* (CA6, 1942) 124 F2d 663.

This contention is not correct. In *Maki,* the longer foreign statute was applied because the action, arising under a foreign statute, was not barred under the forum rules of procedure. It is generally accepted that the forum will apply its own shorter period of limitations to all actions regardless of where the actions arose. *Home Life Insurance Co.* v. *Elwell* (1897), 111 Mich 689. See, also, *Baldwin* v. *Brown* (ED Mich 1962), 202 F Supp 49, and *Lewis* v. *Food Machinery & Chemical Corporation, John Bean Division* (WD Mich 1965), 245 F Supp 195.

The rule has, moreover, been codified in this State in CLS 1961, § 600.5861 (Stat Ann 1962 Rev § 27A-.5861) which provides:

"(1) As used in this section, 'claim' means any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute.

"(2) The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim.

"(3) The periods of limitation prescribed in this section apply only to a claim upon which action is commenced more than 1 year after the effective date of this act.

"(4) This section shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it.

"(5) This section may be cited as the uniform statute of limitations on foreign claims act."

If, therefore, the Michigan 3-year limitation bars this action, other states' limitations are immaterial. On the other hand, if the 3-year period does not apply to this action, then it is timely brought as we are apprised of no other statute which might bar the action 3 years and 11 months from the time it accrues. There is a nice question to be reached at another time as to when the cause of action for breach of warranty accrues. See annotation at 4 ALR3d 821. We need not reach that point however, for assuming that the action did not accrue until the May 16, 1963 accident, we find the action is governed by the 3-year limitation provision of CLS 1961, § 600.5805, *supra*, and barred by its terms. CLS 1961, § 600.5805 provides:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

"(1) The period of limitations is 2 years for actions charging assault, battery, and false imprisonment.

"(2) The period of limitations is 2 years for actions charging malicious prosecution.

"(3) The period of limitations is 2 years for actions charging malpractice.

"(4) The period of limitations is 2 years for actions against sheriffs charging misconduct or neglect of office by themselves or their deputies.

"(5) The period of limitations is 2 years after the expiration of the year for which a constable was elected for actions based on his negligence or misconduct as constable.

"(6) The period of limitations is 1 year for actions charging libel or slander.

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

The only other statutory period which might be applicable is the provision for actions for breach of contract, CLS 1961, § 600.5807 (Stat Ann 1962 Rev § 27A.5807). This section provides:

"No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.  *  *  *
"(8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

We are persuaded for 3 reasons that the shorter period governs this cause and that the dismissal based on the statute of limitations should be affirmed. Although the above-quoted statutory provisions are generally thought of as "tort" and "contract" provisions respectively, the provisions are not applied through any sense of magical language found in the pleadings. A party cannot invoke the longer statute by the mere expedient of calling a tort an implied contract; but an action for breach will not be limited to 3 years because the breach arose through defendant's negligence. *State Mutual Cyclone Insurance Company* v. *O & A Electric Cooperative* (1966), 5 Mich App 452. (See 381 Mich 318, decided October 21, 1968, reversing 5 Mich App 452, but not in disagreement on this point.)

Following are enumerated what we consider to be the 3 governing criteria as to the applicable statute of limitations where the statutes themselves do not expressly provide for the type of action:

Allegation of an express contract: In *State Mutual Cyclone Insurance Company, supra,* this Court held that in the absence of an express contract, an action for injury to person or property must be brought within 3 years. We held at 5 Mich App 459:

"We perceive the rule to be that where an action is brought to recover damages for injury to person or property on a claim arising out of a tort or an implied contract the 3-year statute applies. If an action is brought on an express contract the 6-year statute applies, even though damages are sought for injuries to person or property."

Nature of the injury: Because of the wording of the 3-year statute as pertaining to "all other actions to recover damages for injuries to persons and property" it has been argued and even inferred that all such actions must be commenced within the 3-year limitation. See *Sweet* v. *Shreve* (1933), 262 Mich 432. There is also a fairly strong inference to this effect in *Kroes* v. *Harryman* (1958), 352 Mich 642, 644. In *Kroes* suit was brought against a pharmacy for injuries caused when a bottle delivered to plaintiff burst and ignited. No point is made of the nature of the action brought but the Court leaves no doubt as to the applicability of the 3-year provision.

Substance of the pleadings: This factor is ever-present in actions for breach of warranty, breach of implied contract and breach of express contract. Many tort actions arise out of some relationship between the parties which could be said to be of a contractual or quasi-contractual nature. We are compelled by the decisions of the Supreme Court to look to the real nature of the wrong on which the suit is based. Even though the wrong arose by virtue of some implied agreement between the parties, unless that wrong constitutes a breach of some particular provision of that agreement, actions for in-

jury to person or property must be brought within 3 years. *Coates* v. *Milner Hotels, Inc.* (1945), 311 Mich 233; *Baatz* v. *Smith* (1960), 361 Mich 68, both of which are discussed by Judge Kavanagh in *State Mutual Cyclone Insurance Company, supra,* and further elaboration here is unnecessary.

We believe that the correct construction of these statutory provisions to be that where the injury is to specific property or persons, the 3-year limitation controls. The 6-year period may be thought of as an exception applicable to such actions wherein the injury is occasioned by breach of some express contractual provision. See for instance *Stewart* v. *Rudner* (1957), 349 Mich 459. On the other hand, in contracts of a commercial nature or where the breach injures one in his financial expectations and economic benefit rather than his person or specific property, then such actions may be brought within 6 years whether founded upon express or implied contract. *Abbott* v. *Michigan State Industries* (1942), 303 Mich 575.

In the present case, plaintiffs seek recovery for injury to property and the consequences occasioned thereby. No express contract is alleged or pleaded and the complaint in substance is couched in terms of a tortious wrong. This is, we believe, consistent with the holdings of our Supreme Court in *Spence* v. *Three Rivers Building & Masonry Supply, Inc.* (1958), 353 Mich 120; *Manzoni* v. *Detroit Coca-Cola Bottling Company* (1961), 363 Mich 235; and *Piercefield* v. *Remington Arms Company, Inc.* (1965), 375 Mich 85.

The action is barred by the 3-year provision and dismissal by the trial court was correct.

Affirmed. Costs to appellee.

FITZGERALD, P. J., and BOWLES, J., concurred.