## FRENZEL v. CITY OF MUSKEGON

1. CONTRACTS—INDEMNITY—LEASE—BREACH—LANDLORD AND TENANT.

   A third-party action by a city, as lessor, for breach of a lease provision which provided that the lessee agreed to save and hold harmless the lessor from any claims and damages which might arise from bodily injury or property damage as a result of the lessee's occupancy of the premises and conduct of business thereon asserted a contract claim for indemnity, even where the principal action against the city was for personal injuries.

2. LIMITATION OF ACTIONS—CONTRACTS—INDEMNITY.

   The six-year statute of limitations applies to a contract claim for indemnity (MCLA § 600.5807).

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 December 3, 1969, at Grand Rapids. (Docket No. 7,061.) Decided December 8, 1969.

·Complaint by Joseph Frenzel and Estella Frenzel against the City of Muskegon, a municipal corporation, for personal injuries resulting from a fall, and for loss of consortium. Third-party complaint against Arthur Gunn for breach of a lease. Action against defendant city settled and dismissed with prejudice. Third-party action dismissed. Defendant city appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indemnity §§ 2, 12.
[2] 41 Am Jur 2d, Indemnity § 39.

*Cholette, Perkins & Buchanan (Sherman H. Cone,* of counsel), for third-party plaintiff.

*Smith, Haughey & Rice (Lawrence P. Mulligan,* of counsel), for third-party defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM. Defendant city owns Hartshorn Park Marina. Third-party defendant operated the marina under a written lease from the city by which the lessee agreed to save and hold harmless the lessor from any claims and damages which might arise for bodily injury or property damage as a result of lessee's occupancy of the premises and conduct of business thereon.

June 9, 1963, while attempting to launch his boat at the public ramp at the marina, Joseph Frenzel slipped and fell. June 17, 1964, plaintiffs filed their action against the city to recover damages for the injuries caused by the fall.

May 16, 1967, pursuant to court order, the city filed a third-party complaint against Arthur Gunn on the basis of the "save and hold harmless" provision of the lease.

The city settled the plaintiffs' claim against it and pursuant to stipulation dated December 17, 1968, plaintiffs' action against the city was ordered dismissed with prejudice.

In his answer to the third-party complaint, third-party defendant pleaded that the city's claim against him was barred by the statute of limitations because the city failed to assert its claim against him within three years of the Frenzel accident.

December 3, 1968, a hearing was had on the city's third-party action. Evidence was introduced and

briefs were submitted. By written opinion dated February 14, 1969 and on the basis of *State Mutual Cyclone Insurance Company* v. *O & A Electric Cooperative* (1968), 381 Mich 318, the trial court held that the city's third-party claim was barred by the statute of limitations and by order pursuant to this opinion, the city's third-party action was dismissed. This appeal followed.

MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805) reads:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section."

The time prescribed for the type of action represented by the plaintiffs' complaint is three years.

We do not conceive this section applicable to the city's claim against third-party defendant. The city is not seeking to recover damages for injuries to persons or property, nor is the city's claim derivative in any sense. The city's third-party action asserts a contract claim for indemnity and the six-year limitation provided in MCLA § 600.5807 (Stat Ann 1962 Rev § 27A.5807) applies.

The authority relied on by the trial court and the other authorities relied on by third-party defendant are inapposite. *State Mutual Cyclone Insurance Company, supra,* involved a derivative claim arising out of a claim for injury to property. *Coates* v. *Milner Hotels, Inc.* (1945), 311 Mich 233, involved a direct claim for personal injury, as did *Baatz* v. *Smith* (1960), 361 Mich 68.

Although the trial court heard the evidence on which it could have decided the question of the

third party's liability to the city under the lease, it chose not to do so and dismissed the action solely on the issue of the statute of limitations. Had the trial court decided the liability issue, this Court would be able to review that decision, and conceivably, in that situation, this Court could have determined the liability issue contrary to the determination of the trial court. In this case, we have nothing to review with respect to the liability issue and we decline to decide it.

Reversed and remanded for trial with costs to the city.