SCHENBURN v. LEHNER ASSOCIATES, INC.

1. LIMITATION OF ACTIONS—NEGLIGENCE—CONTRACTS—BREACH.
   Actions for injuries to persons and property must be commenced within three years and actions for breach of contract within six years after a cause of action has accrued (MCLA §§ 600-.5805, 600.5807).

2. LIMITATION OF ACTIONS—INJURY TO PERSON OR PROPERTY.
   An action to recover damages for injury to person or property must be commenced within three years or thereafter be barred by the statute of limitations irrespective of how plaintiff proceeds to seek recovery and regardless of whether the injury arises from a contractual relationship of the parties, either express or implied.

REFERENCES FOR POINTS IN HEADNOTES
[1, 5]  34 Am Jur, Limitation of Actions §§ 79, 102.
[2–4]  34 Am Jur, Limitation of Actions §§ 102, 103.
[6]  34 Am Jur, Limitation of Actions § 79 et seq.

3. Limitation of Actions—Contracts—Breach.

> The three-year statute of limitation for actions to recover for injury to person or property applies to breach of contract actions based on a tortious or negligent act.

4. Limitation of Actions—Contracts—Breach—Torts.

> A party cannot invoke the longer statute of limitations by the mere expedient of calling a tort an implied contract but an action for breach of contract will not be limited to the three-year limitation period for torts where the contract breach arose through defendant's negligence.

5. Limitation of Actions—Contracts—Breach—Negligence.

> The three-year statute of limitations applies to actions to recover for injury to persons or specific property; the six-year statute of limitations applies to actions where the injury is occasioned by breach of some express contractual provision which injures one's financial expectations and economic benefit rather than his person or specific property, regardless of whether the action is founded upon express or implied contract.

6. Limitation of Actions—Contracts—Breach—Financial Expectations—Economic Benefit.

> The six-year statute of limitations for breach of contract was properly applicable to plaintiff's action to recover losses resulting from defendant's inaccurate land survey and should have been applied where there was a contract between the parties and plaintiff was injured in his financial expectations and economic benefit rather than in his person or specific property.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 December 2, 1969, at Lansing. (Docket No. 6,876.)  Decided March 24, 1970.

Complaint by Jack O. Schenburn against Lehner Associates, Inc., a Michigan corporation, for breach of contract. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Odillion B. Weed,* for plaintiff.

*Frank J. Starkey,* for defendant.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

BRONSON, J. On March 20, 1967, plaintiff filed a civil action in Wayne County circuit court in assumpsit and trespass on the case. On May 22, the case was transferred to the Macomb County circuit court. Plaintiff alleged that defendant had been employed by plaintiff to survey a parcel of land which plaintiff had owned. As a result of his reliance on that survey, which plaintiff claims to have been inaccurate, plaintiff was sued. Plaintiff claims the losses he suffered were the result of the defendant's negligence. Both parties agree that the cause of action arose December 19, 1961. Defendant made a motion for summary judgment, claiming that since the action brought was either malpractice or negligence, it was barred by the statute of limitations. The trial judge granted defendant's motion for summary judgment and plaintiff appeals.

In his complaint plaintiff states that as a result of defendant's failure to live up to the contract between the parties, plaintiff has suffered damages and that there was a complete breach of their agreement by defendant's failing to perform the work according to the terms of the contract. Plaintiff seeks $10,000 damages. This sum represents plaintiff's legal fees incurred in his defense of the suit arising out of a sale of the property based on the survey, plus plaintiff's loss of time from work to defend in that suit, damage to his reputation at his place of employment, loss of previously good friends, and anxiety and damage to his future

career. Plaintiff states that these losses are directly attributable to the negligence of defendant. The sole issue that we consider on appeal is whether the trial court was correct in granting summary judgment to defendant on the basis that either the two-year malpractice or three-year negligence statute of limitations applies to this suit against the surveyor rather than the six-year contract statute of limitations. It is plaintiff's contention that the language of MCLA § 600.2912 (Stat Ann 1962 § 27A-.2912)* is permissive.

We feel the issue as presented really involves the question which of two statutes applies, MCLA § 600-.5805 (Stat Ann 1962 § 27A.5805):

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \*

"(3) The period of limitations is 2 years for actions charging malpractice.

\* \* \*

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

or MCLA § 600.5807 (Stat Ann 1962 § 27A.5807):

"No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any con-

---

\* "(1) A civil action for malpractice *may be maintained* against any person professing or holding himself out to be a member of a state licensed profession. The rules of the common law applicable to actions against members of a state licensed profession, for malpractice, are applicable against any person who holds himself out to be a member of a state licensed profession, \* \* \* " (Emphasis added.)

tract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \*

"(8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

The trial court found that plaintiff's pleadings and oral argument on the motion for summary judgment stated a cause of action arising either from the negligence of defendant or from failure of defendant to exercise the required standard of care when furnishing the survey.

An action to recover damages for injury to person or property must be commenced within three years or it is thereafter barred by the statute of limitations irrespective of how plaintiff proceeds to seek recovery and regardless of whether or not the injury arises out of a contractual relationship of the parties, either express or implied. *State Mutual Cyclone Insurance Company* v. *O & A Electric Cooperative* (1968), 381 Mich 318. The three-year statute of limitations applies equally as well to breach of contract actions based on a tortious or negligent act. *Baatz* v. *Smith* (1960), 361 Mich 68. In the present case, however, plaintiff does not claim an injury to his property or to his person. What plaintiff alleges is that he was injured in his financial expectations. Since the cases cited are based entirely upon actual damage to property or physical injury to the plaintiff, there remains to be answered the question as to whether the injury plaintiff sustained is to his person as required by MCLA § 600.5805 (Stat Ann 1962 § 27A.5805). It appears from the complaint that plaintiff was indeed injured in his financial expectations rather than in his person.

In *Fries* v. *Holland Hitch Company* (1968), 12 Mich App 178, 183, the Court stated:    :

"" * * * Although the above-quoted statutory provisions are generally thought of as 'tort' and and 'contract' provisions respectively, the provisions are not applied through any sense of magical language found in the pleadings. A party cannot invoke the longer statute by the mere expedient of calling a tort an implied contract; *but an action for breach will not be limited to 3 years because the breach arose through defendant's negligence.* * * *"" (Emphasis added.)

The Court in *Fries* went on to say, at p 185:

"We believe that the correct construction of these statutory provisions to be that where the injury is to specific property or persons, the 3-year limitation controls. The 6-year period may be thought of as an exception applicable to such actions wherein the injury is occasioned by breach of some express contractual provision. See for instance *Stewart* v. *Rudner* (1957), 349 Mich 459. On the other hand, in contracts of a commercial nature or where the breach injures one in his financial expectations and economic benefit rather than his person or specific property, then such actions may be brought within 6 years whether founded upon express or implied contract. *Abbott* v. *Michigan State Industries* (1942), 303 Mich 575."

In the present case there was a contract. Plaintiff claims that part at least of the damages involved here arose from a lawsuit brought against him due to the inaccurate survey and also that there was damage to his future career. Both of these claims would seem to come within the language of *Fries, supra.* Under the language cited from *Fries,* it is clear that plaintiff was injured "in his financial expectations and economic benefit rather than in his

person or specific property." Therefore, the statute of limitations should have been six years and it was error for summary judgment to have been granted for defendant.

Reversed and remanded.

All concurred.