## NELSON v. MICHIGAN BEAN COMPANY

1. LIMITATION OF ACTIONS—INJURY TO PERSON OR PROPERTY.

   Actions based on injuries to person or property must be commenced within three years of accrual of such claims even though the duty breached had its origins in contract, since courts are compelled to look to the real nature of the wrong on which an action is based (MCLA §§ 600.5805[7], 600.5807 [8]).

2. LIMITATION OF ACTIONS—INJURY TO PERSON OR PROPERTY—CONTRACTS—IMPLIED—BREACH—ORIGIN OF INJURY.

   Even though a wrong arose by virtue of some implied agreement between the parties, unless that wrong constitutes a breach of some particular provision of that agreement, actions for injury to person or property must be brought within three years (MCLA §§ 600.5805[7], 600.5807[8]).

3. LIMITATION OF ACTIONS—BREACH.

   Plaintiffs' action to recover for the loss of livestock and farm equipment was properly governed by the three-year statute of limitations and plaintiffs could not invoke the six-year limitation period applicable to breach of contract actions by claiming damages for breach of express warranties of contract where, even though their injury arose through some implied agreement with defendants, no breach of a specific contractual provision was shown (MCLA §§ 600.5805[7], 600.5807[8]).

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 34 Am Jur, Limitation of Actions §§ 102, 103.

Appeal from Isabella, Robert H. Campbell, J. Submitted Division 3 December 2, 1969, at Lansing. (Docket No. 6,724.)   Decided March 25, 1970.   Leave to appeal denied August 31, 1970.   383 Mich 825.

Complaint by Max Nelson and Rosemary Nelson against the Michigan Bean Company, a Michigan corporation, The Wickes Company, a Michigan corporation, Reynolds Aluminum Supply Company, a foreign corporation, Reynolds Metal Company, a Delaware corporation, Marting Manufacturing Company, a foreign corporation, Ralston Purina Company, a foreign corporation, and Aerovent Fan and Equipment Company, a Michigan corporation, for breach of implied contract.   Summary judgment for defendants.   Plaintiffs appeal.   Affirmed.

*Lynch, Gallagher, Lynch & Kerr,* for plaintiffs.

*Davidson, Chaklos, Jungerheld & Hoffman,* for defendants Michigan Bean Company and The Wickes Company.

*Cotter, Janes & O'Connell,* for defendants Reynolds Aluminum Supply Company and Reynolds Metal Company.

*George, Greek, King, McMahon & McConnaughey,* for defendant Marting Manufacturing Company.

*Otto & Otto,* for defendant Aerovent Fan & Equipment Company.

*Egloff, Mainolfi, Taylor, McGraw & Collison,* for defendant Ralston Purina Company.

Before: FITZGERALD, P. J., BRONSON and T. M. BURNS, JJ.

Fitzgerald, P. J.   This case is before the Court for purpose of reviewing summary judgment in defendants' favor.

Max Nelson and Rosemary Nelson, plaintiffs, were hog raisers in Isabella County prior to June 25, 1962.  The corporate defendants induced the plaintiffs to abandon their traditional hog-raising methods and to adopt a new system, the components of which were developed by defendants.  It was alleged that the system was represented to increase hog production while utilizing less space, less labor, less feed and increasing pounds of pork for feed and decreasing hog loss and sanitation problems.

Plaintiffs adopted the new system and thereafter the following events transpired:  the pigs began to eat each other; the pigs chewed and rooted up the wooden slatted floor and fell into the sewage disposal lagoon and drowned; the pigs tore out the automatic feeding devices and other equipment; the pigs tore down interior gates to a second building; sows crashed the gates off the first building when the piglets were removed; pigs contracted pneumonia from the ventilating system; odor was not cleared from the buildings causing more illness; the sanitation lagoon gave off gases which sickened the residents of a nearby village; villagers threatened plaintiffs and their business with extermination and plaintiffs lost their reputation as hog raisers.

Plaintiffs informed defendants that things had gone awry and were allegedly told to continue the operation of the hog farm and they would repair or redesign the system so that it would work.  Apparently no corrections or modifications were made on the system and plaintiffs were forced to abandon their hog-raising operations.

An action was commenced on June 24, 1968, whereupon defendants moved for summary judgment, alleging that the action was barred by the statute of limitations. The trial court granted the motion which was based primarily on *Citizens Casualty Company of New York, New York* v. *Aeroquip Corporation* (1968), 10 Mich App 244, which held that if an action is primarily one to recover damages for an injury to property, the three-year statute is controlling, even though the duty allegedly breached had its origins in contract. In its opinion, the trial court explained:

"In the court's opinion the origin of liability is not the important thing in deciding what portion of the statute is controlling. The court is of the opinion that the character of the law is the important thing to consider and the action is essentially one to recover damages for injury to property, the three year statute is applicable, even though the legal duty which is alleged to have been breached had origin in contract."

The sole issue concerns an error charged to the trial court in its application of the three-year statute of limitations governing actions to recover damages for injuries to person or property.[1]

Plaintiffs argue the existence of a contract whereby defendants obtained a monetary consideration in return for an integrated system for the production of swine which was to provide certain commercial advantages. They contend that since the action was essentially in contract then the six-year statute of limitations for breach of contract is applicable and controlling. Defendants contend that the present cause of action is not governed by contract,[2] but

[1] MCLA § 600.5805(7) (Stat Ann 1962 Rev § 27A.5805(7)).
[2] MCLA § 600.5807(8) (Stat Ann 1962 Rev § 27A.5807(8)).

rather by the statute covering damage to persons or property.

A complete review of the record in the instant case disclosed considerable damage to plaintiffs' property. It appears that *Fries* v. *Holland Hitch Company* (1968), 12 Mich App 178, is directly applicable and controlling. In its opinion, the *Fries* court stated at pp 184, 185:

"We are compelled by the decisions of the Supreme Court to look to the real nature of the wrong on which the suit is based. Even though the wrong arose by virtue of some implied agreement between the parties, unless that wrong constitutes a breach of some particular provision of that agreement, actions for injury to person or property must be brought within 3 years. *Coates* v. *Milner Hotels, Inc.*, (1945) 311 Mich 233; *Baatz* v. *Smith* (1960), 361 Mich 68, both of which are discussed by Judge KAVANAGH in *State Mutual Cyclone Insurance Company*,[3] *supra*, and further elaboration here is unnecessary."

While plaintiffs claim damages for breach of express warranties of contract, the record discloses only a sales slip indicating price and items purchased. No doubt the wrong of which the parties complain arose through some implied agreement of the parties, but the fact remains that this Court, as was the trial court, is compelled to look beyond this and into the very nature of the wrong itself. Absent any breach of a specific contractual provision, this case is governed by the statutory provisions applicable to injuries to person or property.

The instant case stands in contrast to *Schenburn* v. *Lehner Associates, Inc.* (1970), 22 Mich App 534, in that the interpretation of *Fries* there delineated is

---

[3] *State Mutual Cyclone Insurance Company* v. *O & A Electric Cooperative* (1968), 381 Mich 318.

not applicable here.  In *Schenburn,* no injury to person or property was claimed.  A specific contract was pleaded, in opposition to the bare sales slip before us.  The case at bar and *Schenburn* are distinguishable on their facts.

Granting of the summary judgment was proper under the pleadings and existing statutory and case law.

Affirmed.  Costs to appellees.

All concurred.