**Charles MARSHALL, Plaintiff,**

v.

**CHRYSLER CORPORATION, a Delaware corporation, Defendant.**

**Civ. A. No. 40255.**

United States District Court,
E. D. Michigan, S. D.

July 5, 1974.

Nicholas J. Rini, Philo, Maki, Cockrel, Robb, Spearman, & Cooper, Detroit, Mich., for plaintiff.

Thomas G. Kienbaum, Dickinson, Wright, McKean, & Cudlip, Detroit, Mich., for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KENNEDY, District Judge.

This action is brought by CHARLES MARSHALL, a former employee of defendant corporation, for lost wages and lost fringe benefits pursuant to the Veterans' Re-employment Rights Act (50 U.S.C. App. § 459). That Act provides in part that discharged veterans have a right to their former civilian employment position and:

> if such position was in the employ of a private employer, such person shall—
>
> (i) if still qualified to perform the duties of such position, be restored by such employer or his successor in interest to such position or to a position of like seniority, status, and pay; or
>
> (ii) if not qualified to perform the duties of such position by reason of disability sustained during such service but qualified to perform the duties of any other position in the employ of such employer or his successor in interest, be restored by such employer or his successor in interest to such other position the duties of which he is qualified to perform as will provide him like seniority, status, and pay, or the nearest approximation thereof consistent with the circumstances in his case,
>
> unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;

50 U.S.C. App. § 459(b)(2)(B).

Plaintiff was employed by defendant corporation at one of its stamping plants in Detroit, Michigan, from October, 1965, to May, 1967, when plaintiff was drafted into the Armed Forces. On discharge plaintiff was re-employed by defendant to his former position,—stand-up press operator. Plaintiff claims that because of service-connected disabilities, shrapnel wounds and vericose veins, he was unable to continue at this job. He claims that defendant refused numerous requests by him for a different position and that as a consequence of being required to stand at a press for eight hours a day his service injuries were aggravated. He seeks damages for lost wages (up to his termination in December, 1972) resulting from work absences necessitated by the aggravation of these injuries. Plaintiff applied for and received unemployment compensation benefits and supplemental unemployment benefits for absences in 1971. Subsequently, in December 1972, plaintiff redeemed a workmen's compensation claim (in which he claimed that his employment aggravated his pre-existing condition) and received $9,000. At that time he executed a Release and Waiver of Seniority.

Defendant has filed a Motion for Summary Judgment claiming that the Veterans' Act was not meant to cover the type of situation presented here, and that by executing an agreement to redeem liability for past and future weekly compensation, plaintiff waived any rights he might have under the Veterans' Act. Defendant also contends that the applicable statute of limitations bars the instant suit. Because the Court agrees with this last contention, that the complaint here was filed beyond the time allowed by the relevant Michigan statute, it is unnecessary to reach the other issues raised by defendant.

There is no federal statute of limitations applicable to actions brought under 50 U.S.C. App. § 459. In such a situation a federal court must rely on the limitation period prescribed by the state where the controversy originated. O'Sullivan v. Felix, 233 U.S. 318, 322, 34 S.Ct. 596, 58 L.Ed. 980 (1914); Balkam v. Woodstock Iron Co., 154 U.S. 177, 187, 14 S.Ct. 1010, 38 L.Ed. 953 (1894); Bell v. Aerodex, Inc., 473 F.2d 869 (5th Cir. 1973); Blair v. Page Aircraft Maintenance, Inc., 467 F.2d 815 (5th Cir. 1972).

To determine which Michigan limitations statute is applicable to a Section

459 claim, it must first be ascertained under federal law the nature of the right and then decide which statute of limitations Michigan courts would have applied if an action seeking similar relief had been brought in a state court. McClaine v. Rankin, 197 U.S. 154, 25 S. Ct. 410, 49 L.Ed. 702 (1905); Sewell v. Grand Lodge of International Association of Machinists and Aerospace Workers, 445 F.2d 545, 549 (5th Cir. 1971), cert. denied, 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972); Moviecolor Limited v. Eastman Kodak Co., 288 F.2d 80 (2d Cir.), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961).

Courts have reached differing results on the nature of the right involved in suits for veterans' re-employment benefits. Where there exists a state statute of limitations on actions to recover on a liability created by statute, the applicability of such a statute is clear. Bell v. Aerodex, Inc., *supra*; Leonick v. Jones & Laughlin Steel Corp., 151 F.Supp. 795 (E.D.N.Y., 1957). Absent such a statute, however, courts have applied both the state tort statute of limitations, Blair v. Page Aircraft Maintenance, Inc., *supra*, 467 F.2d at 818, and the state statute of limitations with regards to contract rights, Muscainese v. United States Steel Corporation, 354 F.Supp. 1394, 1399 (E.D.Pa.1973). This divergence undoubtedly results from the difficulty in pigeon-holing rights created by statute into common law rights of action which are only obliquely analogous.

While it is true that the instant suit is contractual to the extent that re-employment rights stem from the original employment contract, the rights in issue here were never bargained for in a classic contract sense. At heart, plaintiff's claim is for personal injury,—to his person or property, i. e. loss of earnings resulting from aggravation of service-incurred wounds which occurred because he was not re-assigned to an easier job by defendant.[1]

Turning then to Michigan law, plaintiff argues that since the action neither sounds in tort or contract, the general limitations statute should be employed. That statute reads:

All other personal action shall be commenced within the period of 6 years after the claims accrue and not afterwards, unless a different period is stated in the statutes.

M.S.A. § 27A.5813, M.C.L.A. § 600.5813. Cases applying this statute have indicated by inference that this is not a general residual statute but is limited to specific situations (*e. g.*, tax claims, claims against estates and claims subject to arbitration).

While this statute might apply in the absence of any statute limiting the type of claim presented here, the Michigan statute of limitations on actions for personal and property injury dovetails with this Court's analysis of the underlying basis of this action and should be applied. This statute reads:

No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \* \* \* \*

(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property.

M.S.A. § 27A.5805, M.C.L.A. § 600.5805.

The Michigan courts have given this statute an expansive reading, to include all claims of injury to person or property whether sounding in tort or not. Coates v. Milner Hotels, Inc., 311 Mich. 233, 18 N.W.2d 389 (1945) concerned a

1. Courts have used a similar rationale in applying state tort statute of limitations to civil rights cases by reasoning that damages resulting from a deprivation of civil rights are injuries to the person. *See e. g.*, Madison v. Wood, 410 F.2d 564 (6th Cir. 1969); Krum v. Sheppard, 255 F.Supp. 994 (W.D. Mich.1966).

claim against a hotel company where the plaintiff-guest charged that her room had been entered by an intoxicated person who assaulted her. The court construed the predecessor personal injury statute of limitations broadly:

> An examination of these authorities indicates the better rule to be that actions for personal injuries, resulting from negligence although arising out of a breach of implied contract, are controlled by the statutory limitation of actions upon damages for injuries to the person, which in this state is three years from the time such actions accrue, and not afterwards.

311 Mich. at 239, 18 N.W.2d at 392.

Recently in State Mutual Cyclone Insurance Co. v. O & A Elective Cooperative, 381 Mich. 318, 161 N.W.2d 573 (1968), the court re-affirmed this position in an action for damages to property resulting from a breach on an implied undertaking in a contract to supply electricity. The court compared the predecessor statute with the current statute on personal injuries:

> When we compare the statute in effect when the *Baatz* [Baatz v. Smith, 361 Mich. 68, 104 N.W.2d 787 (1960)] decision was handed down, which provided:
>
> "Actions to recover damages for injuries to person or property and actions for trespass upon lands shall be brought within 3 years from the time said actions accrue, and not afterwards,"
>
> with the same thought expressed in the rule-written version in the 1961 Revised Judicature Act (set forth above and applicable in this case), it becomes apparent that the legislature expressed approval of this Court's decision in *Baatz* to the effect that it makes no difference what form of action the plaintiff institutes in seeking recovery for damages to property or person, but in all cases such action comes within the 3-year limitation rule.

381 Mich. at 324, 161 N.W.2d at 576 (citation added).

Michigan courts have also applied the three-year rule in claims for breach of implied warranty of a contract for the sale of goods. The Michigan Court of Appeals in Nelson v. Michigan Bean Company, 22 Mich.App. 540, 177 N.W.2d 655 (1970) upheld a dismissal based on the three-year statute on a claim for breach of implied warranty for the sale of an integrated system for the production of swine. The court cited its earlier decision of Fries v. Holland Hitch Company, 12 Mich.App. 178, 162 N.W.2d 672 (1968), a suit brought for breach of implied warranty of fitness for a trailer hitch:

> We are compelled by the decisions of the Supreme Court to look to the real nature of the wrong on which the suit is based. Even though the wrong arose by virtue of some implied agreement between the parties, unless that wrong constitutes a breach of some particular provision of that agreement, actions for injury to person or property must be brought within 3 years. Coates v. Milner Hotels, Inc. (1945) 311 Mich. 233, 18 N.W.2d 389; Baatz v. Smith (1960), 361 Mich. 68, 104 N.W.2d 787, both of which are discussed by Judge Kavanagh in State Mutual Cyclone Insurance Company, *supra*, and further elaboration here is unnecessary.

22 Mich.App. at 544, 177 N.W.2d at 657 (footnote omitted).

The Michigan courts, then, have looked to the nature of the claim asserted in determining the applicable statute of limitations. The fact that, as here, the underlying relationship between the parties is contractual is not controlling if the action is essentially one to recover damages for injury to property or person. If this action were brought in the state courts, the three-year limitation rule of M.S.A. § 27A, 5805 would apply.

■ Applying the three-year rule here requires a dismissal of the claim. Plaintiff was re-hired on May 7, 1969.

This suit was instituted June 12, 1973. Pursuant to 50 U.S.C. App. § 459(c)(1) [2] plaintiff was entitled to one year of mandatory re-employment which ended May 7, 1970. The limitation period began to run from the date plaintiff's action accrued; the last date of mandatory re-employment constituted the final day on which the cause of action accrued. Bell v. Aerodex, Inc., *supra*, 473 F.2d at 873; Blair v. Page Aircraft Maintenance, Inc., *supra*, 467 F.2d at 819. This final date, May 7, 1970, was more than three years from the filing of the action; the claim is, therefore, dismissed.

Count II of the complaint must also be dismissed. Plaintiff claims that the refusal of defendant to give him a position which would not aggravate his injuries was racially motivated in violation of federal (42 U.S.C. § 2000e et seq.) and state (M.S.A. § 17.458(1) et seq., M.C. L.A. § 423.301 et seq.) civil rights statutes.

■■ Title VII of the Civil Rights Act of 1964 provides in § 2000e–5, a procedure which must be exhausted prior to the bringing of a civil action. These provisions are mandatory and subsection (f)(1) requires that an action may be brought only

> if a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action.

Since plaintiff has not availed himself of this remedy, the claim under the Act is dismissed. *See* Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed. 2d 679 (1972).

■ The claim under the Michigan Civil Right Act, being pendent to the dismissed federal claims, must also be dismissed. This result is dictated by the Supreme Court's remarks in United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966):

> if the federal claims are dismissed before trial even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

383 U.S. at 726, 86 S.Ct. at 1139 (footnote omitted).[3]

For the foregoing reasons defendant's Motion for Summary Judgment is granted and the action is dismissed with prejudice.

---

2.  50 U.S.C. App. § 459(c)(1) provides that a re-employed veteran "shall not be discharged from [his] position without cause within one year after such restoration." *See* Oakley v. Louisville & N. R. R., 338 U.S. 278, 70 S.Ct. 119, 94 L.Ed. 87 (1949); Trailmobile Co. v. Whirls, 331 U.S. 40, 67 S.Ct. 982, 91 L.Ed. 1328 (1947).

3.  This result is not modified by the Court's recent discussion of the doctrine of pendent jurisdiction in Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (decided March 25, 1974). There the Federal claim under § 1983 was *not* dismissed. The Court held that when jurisdiction has fairly been established a federal court under *Gibbs* need not decide the constitutional issue and avoid the state claim if the state claim is strong and the constitutional claim is weak.