ALBERT *v.* STATE HIGHWAY COMMISSION

Limitations of Actions — Contracts — Property — Nature of Claim.

> Allegations that plaintiff landowners had granted defendant state highway commission the right to remove rock, gravel, stone, or earth in any quantity in return for its promise to construct a 15-acre lake upon plaintiffs' land, that defendant commission had failed to construct the promised artificial lake, and that as a result of this failure plaintiffs not only had suffered loss of economic expectations, but also that their property had been taken without compensation, showed that the nature of plaintiffs' claim was for damages for breach of contract, not for damages to property; consequently, plaintiffs had one year, not six months, within which to file their notice of intention to file a claim against the state (MCLA 600.6431[1], [3]).

Appeal from the Court of Claims, William John Beer, J. presiding. Submitted Division 2 April 16, 1970, at Lansing. (Docket No. 7,519.) Decided June 2, 1970.

Complaint by Lewis Albert and Ida M. Albert against the State of Michigan and the State Highway Commission, for breach of contract. Accelerated judgment for defendants. Plaintiffs appeal. Reversed and remanded for further proceedings.

REFERENCE FOR POINTS IN HEADNOTE

51 Am Jur 2d, Limitation of Actions § 92 *et seq.*

*Foster, Campbell, Lindemer & McGurrin* (*Webb
A. Smith,* of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Louis J. Caruso,* Assistant Attorney General, and *Karl S. Vasiloff,* Assistant Attorney General, for defendants.

Before: R. B. BURNS, P. J., and FITZGERALD and
VAN DOMELEN,* JJ.

PER CURIAM. Lewis and Ida Albert, plaintiffs in
the present case, brought action against the State
of Michigan in the Court of Claims on July 10, 1968.
The facts which culminated in litigation are as follows:

Plaintiffs are the owners of approximately 30
acres of land located in Delhi township, Ingham
county, Michigan. On September 2, 1964, plaintiffs
entered into a contract with the state highway department termed a "Borrow Agreement and Permit". Under the terms of this agreement, defendant
was granted the right to enter upon the land and
remove rock, gravel, stone, and/or earth in any quantity. Plaintiffs allege the existence of an oral
promise whereby defendant agreed to construct a 15-
acre lake in return for the use of the land. It is
claimed that the state failed to comply with these
agreements.

Plaintiffs contend that the claim accrued on May
4, 1967. On November 16, 1967, six months and
twelve days after accrual of the claim, plaintiffs
filed a notice of intention to sue and on July 10, 1968,
a complaint was filed. Defendants moved for accelerated judgment, the basis of which was that the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

claim was barred as the notice of intention was not filed within six months as required by statute. The motion was granted and an order of dismissal was entered by the court.

The sole issue with which we are faced concerns a determination of the nature of plaintiffs' claim. Specifically, we must determine whether the claim was for contractual damages or whether it was based on damages to property. Our ultimate determination necessitates a review of MCLA § 600.6431 (Stat Ann 1962 Rev § 27A.6431), which sets forth limitations on actions before the Court of Claims as follows:

"(1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damages alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths."

\*          \*          \*

"(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action."

Defendants argue, and the trial court held, that since plaintiffs' claim alleged damages to property, there must be compliance with the six-month notice requirement set forth by subsection (3) of the statute, *supra*. It is further averred that plaintiffs have not so complied inasmuch as more than six months

have elapsed between the date the cause of action accrued and the date upon which notice of intention was filed.

A review of plaintiffs' pleadings, as well as their notice of intention to file a claim, reinforces the argument of a contractual relation and subsequent breach which resulted in the enumerated damages. The only apparent reference to property damage is located in count I, paragraph IX, wherein the words "plaintiffs' property has been damaged and injured substantially" are found. These appear as conclusory words and surplusage in a complaint which patently lies in contract and pleads damages for the resulting breach.

An examination of *State Mutual Cyclone Insurance Company* v. *O & A Electric Cooperative* (1968), 381 Mich 318, which was cited by the defendants and relied upon by the trial court, is clearly not controlling under the facts of the instant case. We are *not* faced in the pleadings with damage to person or property. Instead, we are faced with breach of a contract for failure to construct an artificial lake and the concomitant taking of property without compensation and for loss of economic expectation due to failure to construct the lake. These allegations can only lead us to an interpretation that this is a contract action. See *Schenburn* v. *Lehner Associates, Inc.,* (1970), 22 Mich App 534. Subsection (3) of the statute cited, *supra,* is not applicable and the case, being in the nature of damages for breach of contract, comes within the purview of subsection (1) of the same statute. In light of these findings, we hold that plaintiffs' notice of intention was timely filed as it was submitted within one year of the date such claim accrued.

Reversed and remanded for further proceedings. Costs to appellants.