GLOWACKI v MOTOR WHEEL CORPORATION

1. PLEADING—AMENDMENTS—COURT RULES—RESPONSE—MULTIPLE DEFENDANTS.

The right to amend pleadings without leave of court or consent of the adverse party terminates by court rule 15 days after a responsive pleading is served by a defendant; where there are two defendants and where the responsive pleading so filed by one defendant responds to the charges initially made against both defendants, the right of the plaintiff to amend his pleadings as to both defendants is subject to the 15-day limitation (GCR 1963, 118.1).

2. LIMITATION OF ACTIONS—STATUTES—CONTRACTS—TORTS—WRONGFUL DISCHARGE—FAIR REPRESENTATION—SEPARATE ACTIONS—SAME LIMITATION.

Two separate wrongful acts are involved in a suit against both an employer for wrongful discharge of an employee and against the union and company collectively for violation of the federally recognized obligation of fair representation of a meritorious grievance; the applicable period of limitations for each of these two wrongs may be different, when determined by applying the statute of limitations which most closely comports to the nature of the action, but they are so intimately related as to require that the same period of limitation be applied to both.

3. LIMITATION OF ACTIONS—TORTS—INJURY TO PERSON—OTHER INJURIES—CONTRACTUAL RELATIONSHIPS.

Claims sounding in tort are governed either by a three-year period of limitations as an injury to person or property, or by a six-year period for all other personal actions, but they are not governed by the six-year limitation provided for breach of contract actions even where the underlying relationship between the parties is contractual (MCLA 600.5805[7]; MSA 27A.5805[7], MCLA 600.5807; MSA 27A.5807, MCLA 600.5813; MSA 27A.5813).

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading § 355.

[2–4] 51 Am Jur 2d, Limitations of Actions §§ 121, 138 *et seq.*

4. LIMITATION OF ACTIONS—TERMINATION OF EMPLOYMENT—TORT IN-
   JURIES—FAIR REPRESENTATION—RELATED CLAIMS—SAME LIMI-
   TATION.

   A suit against an employer for wrongful termination of an
   employment contract is based upon wrongful interference with
   earning capacity and presents a claim for injuries to person
   and property which is subject to the three-year statute of
   limitations for such actions; an included claim against the
   employer and the labor union for breach of the duty of fair
   representation is so intimately related as to require the same
   period of limitation to apply (MCLA 600.5805[7]; MSA
   27A.5805[7]).

Appeal from Ingham, James T. Kallman, J.
Submitted November 4, 1975, at Lansing. (Docket
No. 21887.) Decided February 26, 1976.

Complaint by Lois R. Glowacki against Motor
Wheel Corporation and Allied Industrial Workers
of America, Local No. 182 seeking damages for
wrongful discharge from employment and breach
of duty of fair representation. Judgment for de-
fendants. Plaintiff appeals. Affirmed.

*Hawkins & Regnier,* for plaintiff.

*Gregory, Van Lopik & Higle* (by *James M.
Moore),* for defendant Allied Industrial Workers.

*Dickinson, Wright, McKean, Cudlip & Moon* (by
*Joseph A. Fink),* for defendant Motor Wheel Cor-
poration.

Before: ALLEN, P. J., and BRONSON and MAHER,
JJ.

ALLEN, P. J. What statute of limitations governs
an action brought by an employee against the
employer for wrongful discharge and against the
union for breach of the duty of fair representa-
tion? May a bill of complaint be amended under

GCR 1963, 118.1 without leave of court or consent of the adverse party where no responsive pleading has been filed by one defendant but where the second defendant has filed a responsive pleading responding to the charges made against both defendants? These questions, each of first impression, were adversely decided to plaintiff upon the trial court's granting of a motion for accelerated judgment of dismissal. Plaintiff appeals as of right. We affirm.

Plaintiff was a full time employee of Motor Wheel where she worked in a job classified as a band line production worker. On April 20, 1969, she was placed on sick leave and on March 17, 1970, was notified of the termination of her employment. On June 13, 1974, approximately four years and three months after her employment termination, she filed her first bill of complaint. The complaint alleged (a) that plaintiff was "wrongfully and without good cause discharged from her job as a production worker" by Motor Wheel, said discharge being "the result of discriminatory practices on the part of the employer resulting in failure to notify plaintiff of sick leave expiration", and (b) that the discharge "was a result of a conspiracy between the employer and the union by and through which the union acted arbitrarily, capriciously and without just and reasonable cause and with malice by refusing to process plaintiff's grievance through the established grievance procedure and within the time limitations required * * * and by failing to make a good faith attempt to solve any of the problems which affected the plaintiff's employment status".[1]

July 3, 1974, Motor Wheel moved for dismissal on the grounds that the claim against it sounded

---

[1] Paragraph VIII of Bill of Complaint.

in tort and is barred by the three-year statute of limitations. MCLA 600.5805; MSA 27A.5805. However, Motor Wheel filed no answer or other responsive pleading.[2] On July 5, 1974, the union filed an answer to the complaint denying the allegation of wrongdoing by the employer and the allegations of conspiracy and lack of good faith by the union. The union also moved for accelerated judgment of dismissal on the grounds that the gravamen of the complaint was conspiracy which sounds in tort and is barred by the three-year statute of limitations.

Motor Wheel's motion to dismiss and the union's motion for accelerated judgment were noticed for hearing on August 9, 1975. On August 8, 1975—a date more than 15 days after the filing of the union's answer—plaintiff, without leave granted by the court as prescribed by GCR 1963, 118.1, filed an amended complaint which differed from the original complaint by adding counts II and III.[3] Count II was virtually a restatement of the original complaint but for the additional claim that there was an obligation implicit in the contract between the employee and employer that the employee could only be discharged for "just cause" and that the employer breached said obligation when it "wrongfully discharged" plaintiff by not informing plaintiff to return to work from sick leave in July of 1969. Count III purported to add a new cause of action against the union which plaintiff described as "a duty of fair representation". Count III averred defendant union "breached its duty of fair representation on behalf of plaintiff by refusing to timely process plaintiff's grievance

---

[2] "A preliminary motion attacking a pleading is not itself a responsive pleading * * * ." 1 Honigman & Hawkins, Michigan Court Rules Annotated, p 413.

[3] Count I of the amended complaint incorporated by reference the allegations as filed in the original complaint.

seeking reinstatement" with her employer. On appeal to this Court, plaintiff contends that Count II is contractual in nature and that its breach leads to an action personal in nature which must be governed by the six-year statute of limitations provided in MCLA 600.5813; MSA 27A.5813.[4] Plaintiff also contends that the unfair representation claim against the union is so intimately related with the breach of contract claim in Count II against Motor Wheel that the same six-year limitation period applies.

In a written opinion dated August 9, 1975, the trial court found that the wrongful discharge claim against Motor Wheel and the conspiracy charge against the union were tortious in nature and governed by the three-year statute of limitations. It granted accelerated judgment of dismissal. Thereafter, plaintiff moved to set aside the order on the grounds that the trial court was either unaware of the amended complaint filed the preceding day or did not sufficiently take into consideration the contractual nature of Counts II and III added in the amended complaint. On September 11, 1974, the trial court in a second written opinion concluded that even after taking into consideration the allegations of the amended complaint, "which was not filed pursuant to the general court rules and is not properly before this court", the nature of the allegations were in tort and the bill as amended was barred by the three-year statute of limitations. The opinion of August 9, was reaffirmed.

I. *Was the amended complaint properly before the trial court?*

---

[4] "All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

This issue is academic. Whether the court could properly consider the additional allegations made in Counts II and III of the amended complaint or not is technically moot because the court very clearly stated that in its second opinion it did consider the amended complaint before reaching a decision.[5] Nothing was added in the amended counts which was not, at least by implication, alleged in the original complaint. The "just cause" allegation added in Count II was implicit in the hiring of the employee as alleged in the original complaint. Similarly, the original complaint alleges conduct which in itself is a breach of the duty of fair representation. Count III merely labels the alleged breach spelled out in Count I. A duty to an employee is a duty, whether packaged and ribbon-tied as "conspiracy" or "fair representation".

Nevertheless, because the issue raised is of first impression and because disposition thereof may be helpful in future cases we proceed to dispose of the question. GCR 1963, 118.1 provides:

".1 Amendments. A party may amend his pleading once as a matter of course at any time before *or within 15 days after a responsive pleading is served* or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be

[5] "A Motion to Set Aside Order Granting Accelerated Judgment of Dismissal was filed * * * and the Court having read such Motion reviewed the cases cited by counsel in their arguments *and the amended complaint,* makes the following findings:

"*Careful review of the amended complaint* which was not filed pursuant to the general court rules and is not properly before this Court, indicates clearly that the plaintiff is still relying upon the tort action of conspiracy against these defendants." (Emphasis supplied.)

freely given when justice so requires." (Emphasis supplied.)

The union filed a responsive pleading on July 8, which constitutes an answer not only for it (union) but for Motor Wheel as well. The issue raised is whether the right to amend without leave of court or consent of the adverse party terminates 15 days after a responsive pleading is served by one defendant in a case where there are two defendants and where the responsive pleading so filed responds to the charges initially made against both defendants. We find no case on point. A literal reading of the rule indicates that the right to amend does terminate after a responsive pleading is filed and there is nothing in the rule which requires that all defendants file a responsive pleading before the 15-day right terminates. We believe that there is merit in this position. GCR 1963, 118.1 was designed to move cases with dispatch. Once a responsive pleading is filed which denies the allegations made as to all defendants the purpose of the rule is accomplished without the delay caused by waiting for a responsive pleading of the second party.

II. *Is the appropriate statute of limitations governing an action against the employer for wrongful discharge and against the union for improper representation (1) MCLA 600.5805(7); MSA 27A.5805(7)—3 years, or (2) MCLA 600.5807; MSA 27A.5807—6 years, or (3) MCLA 600.5813; MSA 27A.5813—6 years?*[6]

---

[6] "Sec. 5805. No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section. * * *

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

"Sec. 5807. No person may bring or maintain any action to recover

This question cannot be answered without first determining the nature of the complaint. Defendants perceive the complaint as involving a single transaction under which the company and union conspired in the first instance to discharge plaintiff and, secondly, conspired to improperly process her grievance. On the other hand, plaintiff perceives the complaint as a dual transaction. First the company, without union participation, wrongfully discharged plaintiff by not informing her that she should report back from sick leave. Secondly, the company and the union conspired together to improperly process plaintiff's complaint. Our reading of the complaint leads us to conclude that plaintiff's position is proper. All Federal decisions discovered recognize that in suits brought against both the employer for wrongful discharge and against the union and company collectively for violation of the federally recognized obligation of fair representation, two separate wrongful acts are involved. *De Arroyo v Sindicato De Trabajadores Packing,* 425 F2d 281, 288 (CA 1, 1970), *Abrams v Carrier Corp,* 434 F2d 1234, 1252 (CA 2, 1970), *Richardson v Communications Workers of America,* 443 F2d 974, 978 (CA 8, 1971). The distinction between one or two wrongs is important because arguably the nature of the two wrongs could, and indeed has, invited different periods of limitations.[7]

damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section. * * *

"(8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

"Sec. 5813. All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

[7] While the majority of cases ruling on this question have applied the same period of limitation to both the complaint against the employer and the complaint against the union, one decision deter-

Having determined that the instant case involves two separate alleged violations, we now must decide which of the several possible periods of limitation apply. The trial judge relied on the only Michigan case where the same issue has been considered, *Field v Local 652 UAW AFL-CIO*, 6 Mich App 140; 148 NW2d 552 (1967), and held that the gravamen of the offense was conspiracy which the court found to be in the nature of tort and governed by the three-year limitation period prescribed by MCLA 600.5805(7); MSA 27A.5805(7). Though seemingly analagous we do not believe *Field* controls the present case.[8] To begin with, the Court appeared to have perceived from the start that the alleged violation was a single conspiracy rather than a dual violation as here. Understandably, this could occur because of the unique situation involving two unions with plaintiff apparently alleging a conspiracy *ab initio.* Furthermore, plaintiff in *Field* sought damages for medical expenses —a fact which made the case similar to the typical personal injury claim governed by MCLA 600.5805(7); MSA 27A.5805(7). Finally, the question of whether the claim, though tortious, was an "other personal action" under MCLA 600.5813; MSA 27A.5813 was never raised.[9]

---

mined that different periods of limitations apply. *See De Arroyo v Sindicato De Trabajadores Packing, supra.*

[8] Plaintiff, a part time secretary in Local 652, sought to be hired in a full time position which had become available. When she was not offered the job she filed a grievance against her employer Local 652 claiming that under a collective bargaining agreement between Local 652 and Local 1719 AFL-CIO which represented the clerical employees of her employer, the terms of the collective bargaining agreement pertaining to seniority were violated. Local 1719 failed to process her grievance and plaintiff sued contending the defendants conspired to deprive her of her contractual rights by improperly processing her grievance. The conspiracy, she asserted, caused her to suffer a nervous breakdown and medical expenses plus loss of wages.

[9] We have examined the original file with this Court in *Field, supra,* and find the question of whether the alleged tort was governed by the

Since *Field* may not be relied upon as governing the instant case we turn to other jurisdictions for guidance. Fortunately there exists a plethora of Federal court authority. The union's duty to process the grievance claim of an employee covered under a collective bargaining agreement is a federally recognized obligation described as the duty of "fair representation". Originally conceived in a racial discrimination context in *Steele v Louisville & Nashville R Co,* 323 US 192; 65 S Ct 226; 89 L Ed 173 (1944), it gradually expanded to include the duty to promptly and fairly handle an apparently meritorious grievance. *Vaca v Sipes,* 386 US 171; 87 S Ct 903; 17 L Ed 2d 842 (1967).[10] Numerous post-*Vaca* decisions have spoken to the question of the applicable statute of limitations and the great majority take the position that a suit for breach of the duty of fair representation is tortiously rather than contractually oriented.

"We are therefore satisfied that any effort to characterize plaintiffs' suit against the Union as a 'contract' action is both unsound and unnecessary in order to effectuate existing federal labor policy. Moreover, the Union's duty seems more akin to, though less rigorous than, the duty of due care normally associated with tort actions. Finally, we detect in *Hoosier Corp,* a distinct preference for the shorter statute of limitations where the question of characterization is a close one and no manifest injustice results from such choice, which preference suggests the tort limitations period in most jurisdictions." *De Arroyo v Sindicato De Trabajadores Packing, AFL-CIO, supra,* 287.

"Whether the claim against the Union be described as one in tort *(De Arroyo v Sindicato de Trabajadores*

3-year statute MCLA 600.5805(7); MSA 27A.5805, or the 6-year statute MCLA 600.5813; MSA 27A.5813, was not briefed on appeal.

[10] For a history of the maturing right of "fair representation" *see De Arroyo, supra,* 283–284.

*Packing, supra)* or simply as one resting on breach of trust under a statutory duty, it is clear that the action does not rest on strict principles of contract law." *Richardson v Communications Workers of America,* 443 F2d 974, 981 (CA 8, 1971).

See also *Jamison v Olga Coal Co,* 335 F Supp 454 (SD W Va, 1971), *Tuma v American Can Co,* 367 F Supp 1178 (D NJ, 1973). All of the courts considering the question agree that the applicable statute of limitations is the state statute of limitations which most closely comports to the nature of the action.

We now apply the principles of the above Federal cases to the three Michigan limitation statutes referred to earlier. We reject the application of MCLA 600.5807; MSA 27A.5807 to this case, since it refers to claims for breach of contract. Claims sounding in tort are governed either by the three-year period in MCLA 600.5805(7); MSA 27A.5805(7) as an injury to person or property, or by the six-year period of MCLA 600.5813; MSA 27A.5813 as all other personal actions. Which should apply? As noted earlier *Field, supra,* did not face the issue. Plaintiff, agreeing that her cause of action is federally created and judicially fashioned from national labor statutes, argues that since there is no specific statute in Michigan governing such an action, it must necessarily be governed by MCLA 600.5813; MSA 27A.5813 which includes all other personal actions. We disagree. In *Marshall v Chrysler Corp,* 378 F Supp 94 (ED Mich, 1974), plaintiff brought suit under the Veterans' Re-employment Rights Act claiming that after his return from service and his re-employment by defendant the latter refused numerous requests by him to be hired in a different position when it developed that because of service-connected disa-

bilities he could not perform his job. As in the instant case he sought damages for lost wages. When defendant moved for summary judgment claiming, *inter alia,* that plaintiff's claim was barred by the three-year statute of limitations, MCLA 600.5805(7); MSA 27A.5805(7), plaintiff argued that there being no specific statute in Michigan governing this type of Federal action, the six-year general limitation statute MCLA 600.5813; MSA 27A.5813 should apply. Plaintiff's claim was rejected, the court saying:

"The Michigan courts, then, have looked to the nature of the claim asserted in determining the applicable statute of limitations. The fact that, as here, the underlying relationship between the parties is contractual is not controlling if the action is essentially one to recover damages for injury to property or person. If this action were brought in the state courts, the three-year limitation rule of MSA § 27A.5805 would apply." *Marshall v Chrysler Corp, supra,* 98.

In *Krum v Sheppard,* 255 F Supp 994 (WD Mich, 1966), plaintiff alleged a conspiracy by police officers to deprive him of civil rights. Judge Noel Fox held that "the foundation of the action is not the conspiracy but the damages" and was barred under the three-year period prescribed for actions to recover damages for injury to person or property.

Precedent for our conclusion that the three-year period of limitations applies in the instant situation, appears in the recent case of *Stringer v Sparrow Hospital,* 62 Mich App 696; 233 NW2d 698 (1975). There plaintiff, a medical doctor, had his staff privileges at defendant hospital revoked. Five years later he filed suit claiming a conspiracy to wrongfully interfere with his right to practice his profession and sought damages for loss of

earning capacity and damage to his reputation.
Defendants moved and were granted accelerated
judgment on the grounds that the claim was bar-
red under the three-year period prescribed · by
MCLA 600.5805(7); MSA 27A.5805(7). On appeal,
plaintiff argued, as does plaintiff in the instant
case, that the six-year limitation of MCLA
600.5813; MSA 27A.5813 governed. After stating
that the question involved was one of first impres-
sion in Michigan our Court upheld the trial court.
We believe this case is clear authority for the
conclusion that in Michigan the most applicable
statute of limitations governing the present com-
plaint is MCLA 600.5805(7); MSA 27A.5805(7). In
*Stringer* this Court focused upon the interest al-
legedly harmed and held that a suit based upon
wrongful interference with earning capacity pre-
sented a claim for "injuries to persons and prop-
erty" under MCLA 600.5805(7); MSA 27A.5805(7).
Plaintiff here claims injury to the same interest
brought about by wrongful discharge from employ-
ment. In both cases plaintiff, unlike *Field, supra,*
asserted no physical injuries to the person, but
claimed loss of earnings.

III. *May there not be two separate and distinct
periods of limitations, one of six years under
MCLA 600.5807; MSA 27A.5807 for breach of con-
tract governing the claim against the employer for
wrongful discharge and the other of three years
under MCLA 600.5805(7); MSA 27A.5805(7) for
breach of the duty of fair representation?*

This position is not directly espoused by plaintiff
but as noted earlier is consistent with at least one
Federal decision, *De Arroyo, supra.* Under this
theory it could be claimed that although the ma-
jority of Federal decisions find that the claim
against the union for failure to fairly process a

grievance is noncontractual, the claim against the employer for wrongful discharge being bottomed as a contract of employment between the employer and employee is governed by the limitations on actions "to recover damages or sums due for breach of contract" as provided in MCLA 600.5807; MSA 27A.5807. In fact, plaintiff does argue that the contractual statute governs and heavily relies on *Abrams v Carrier Corp,* 434 F2d 1234, 1251 (CA 2, 1970), in support thereof.[11] In *Stringer,* this Court noted that more than labels should be considered in selecting the applicable limitations statute. "[B]oth the label placed upon the plaintiff's action and the type of interest that was allegedly injured are influential in determining the applicable period." 62 Mich App 696, 698-699. While plaintiff's claim against the employer may be phrased as one for damages suffered by wrongful termination of a contract at will, and thus be governed by MCLA 600.5807(8); MSA 27A.5807(8), to do so would disregard the substance of her claim. *Stringer* indicates that plaintiff is seeking recovery for "injuries to person", and the three-year period should apply despite the possibility of attaching a contract label to the claim. *State Mutual Cyclone Insurance Co v O & A Electric Coop,* 381 Mich 318; 161 NW2d 573 (1968).

*Abrams* is distinguishable. There, three labor unions competed for the right to represent the employees of Carrier. Only one union, Local 5895 of the Steelworkers, was charged with violating the duty of fair representation. The complaint also

[11] Plaintiff does not contend there are two separate periods of limitations. Instead plaintiff argues, citing *Abrams,* that the cause of action against the employer rests in contract and then submits that the claim against the union for unfair representation "is so intimately related with the claim for breach of contract against Motor Wheel as to require the same limitation period to apply to both claims".

charged a breach of contract between the company and the other two unions as well as a breach of contract in the charter and bylaws granted to the Steelworkers. It is not surprising that the second circuit after viewing the complaint in its collectivity concluded that the complaint was contract oriented. In fact, the court in footnote 15 of its opinion, qualified its decision by stating it would not necessarily apply to all suits brought against the union for violation of the duty of fair representation.[12]

In summary, we agree with plaintiff that there are two separate claims which comprise plaintiff's complaint.[13] We further agree with plaintiff that in suits for breach of the duty of fair representation the governing period of limitations is the state statute which most directly applies *(International UUAA & AIW v Hoosier Cardinal Corp,* 383 US 696, 705; 86 S Ct 1107, 1113; 16 L Ed 2d 192 [1966])* and that the two claims are so intimately related as to require the same period of limitation to apply to both. Strong reasons of public policy exist for applying the same period of limitations to both actions. We disagree that the applicable state

[12] "It is again to be emphasized, however, that it *does not follow* that the limitation period for breach of contract and contract-related claims *will apply to all suits brought against a union by a disgruntled member which are nominally classified within the fair representation rubric.* In each instance the nature of the alleged act of commission or omission on the part of the defendant union must be examined to determine the appropriate federal characterization for statute of limitations purposes. We therefore express no opinion as to whether, given allegations other than that the union refused to enforce the employees' contract rights, we might adopt the 'statutory duty' characterization of *Gray v International Ass'n of Heat & Frost Insulators,* 416 F2d 313, 316 (CA 6, 1969), the tort characterization of *de Arroyo v Sindicato de Trabajadores Packinghouse,* 425 F2d 281, (CA 1 1970) or some other appropriate classification." (Emphasis supplied.) *Abrams v Carrier Corporation, supra,* 1252.

[13] We again note that it is the difference between one claim and two claims that distinguishes the present suit from *Field, supra,* and makes the present suit one of first impression in Michigan.

statute is six years. The recent decision of this Court in *Stringer, supra,* clearly points to the application of the three-year statute. So too, do the Federal decisions from this district in *Marshall, supra,* and *Krum, supra.* Each would hold that in the present situation the three-year period prescribed by MCLA 600.5805(7); MSA 27A.5805(7) would apply. Accordingly, we hold that the present action which was commenced four years and three months after the alleged wrongful discharge is barred by the three-year period of MCLA 600.5805(7); MSA 27A.5805(7).

Affirmed, costs to defendants.