ROMERO v PARAGON STEEL DIVISION, PORTEC, INC

Docket No. 53893. Submitted April 14, 1982, at Detroit.—Decided
     May 19, 1982. Leave to appeal applied for.
     Plaintiff, Raul Romero, was employed by defendant, Paragon
     Steel Division, Portec, Inc., from August 27, 1968, to January
     19, 1973, during which time period he was represented by
     Shopmen's Local Union No. 508 of the International Associa-
     tion of Bridge, Structural and Ornamental Iron Workers. Plain-
     tiff brought an action against defendant in the Wayne Circuit
     Court on June 5, 1978, for wrongful discharge under the
     collective-bargaining agreement. The suit was commenced un-
     der the Labor Management Relations Act. The court, Roland L.
     Olzark, J., granted accelerated judgment for defendant on the
     ground that the statute of limitations barring tort actions after
     three years had run. Plaintiff appeals. *Held:*
         The applicable statute of limitations for an action by an
     employee against an employer authorized by the Labor Man-
     agement Relations Act alleging violation of a collective-bargain-
     ing agreement is the six-year statute governing breaches of
     contract. However, where the employee joins the union in the
     action and alleges conspiracy along with wrongful discharge
     the applicable statute is the three-year statute governing tort
     actions.
         Reversed and remanded.

LIMITATION OF ACTIONS — LABOR RELATIONS — LABOR MANAGEMENT
     RELATIONS ACT.
     The applicable statute of limitations for an action by an employee
     against an employer authorized by the Labor Management
     Relations Act alleging violation of a collective-bargaining agree-
     ment is the six-year statute governing breaches of contract (29
     USC 185; MCL 600.5807[8]; MSA 27A.5807[8]).

REFERENCES FOR POINTS IN HEADNOTE
48 Am Jur 2d, Labor and Labor Relations § 405.
48A Am Jur 2d, Labor and Labor Relations §§ 1963, 1968.
Period of limitations or laches to be applied under 29 USCS §§ 185,
     187, in action for breach of labor contract or damages from unfair
     labor practice. 19 ALR3d 1034.

*Gary A. Benjamin,* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Richard J. Seryak),* for defendant.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and BEASLEY, JJ.

N. J. KAUFMAN, P.J. Plaintiff appeals as of right from an accelerated judgment of dismissal based upon application of the statute of limitations. GCR 1963, 116.1(5). In analyzing plaintiff's wrongful discharge claim, the trial court concluded that the applicable statute of limitations was that barring tort actions three years after their accrual. MCL 600.5805(8); MSA 27A.5805(8). The sole issue on appeal is whether the trial court erred by relying on the tort limitations period.

This suit was instituted under § 301 of the federal Labor Management Relations Act, 29 USC 185, which allows individuals to sue their employers for violations of collective-bargaining agreements between the employer and the representative labor organization.[1] Plaintiff was employed by defendant from August 27, 1968, through January 19, 1973, during which time period he was represented by Shopmen's Local Union No. 508 of the International Association of Bridge, Structural and Ornamental Iron Workers. Plaintiff alleges that on January 15, 1973, he was advised by his doctor not to report to work because of illness. Plaintiff contends that his wife telephoned defendant the following morning and informed defendant that plaintiff was ill and could not report to work until further notice

[1] 29 USC 185(a) provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

from his doctor. When plaintiff returned to work two weeks later with a note from his doctor, he was informed that he had been terminated as of January 19, 1973, for excessive absence without calling in. Defendant contends that the termination was in accordance with the provisions of a collective-bargaining agreement entered into by the company and the representative union.

Following the termination, plaintiff immediately complained to the union and a grievance was filed on his behalf. Although the grievance was pursued through a number of procedural stages, the union ultimately declined to take plaintiff's case to arbitration. Plaintiff alleges that the grievance was not further pursued because of his outspoken criticism of union officers and because of his race.

Plaintiff filed the instant suit for wrongful discharge by defendant on June 5, 1978, approximately five and one-half years after his termination. He seeks damages for lost wages and benefits. In opposing defendant's motion for accelerated judgment below, and now on appeal, plaintiff asserts that the governing statute of limitations is that applicable to contract actions, MCL 600.5807(8); MSA 27A.5807(8). We agree and reverse and remand for further proceedings.

Where a plaintiff alleges, pursuant to § 301 of the Labor Management Relations Act, that an employer has violated a collective-bargaining agreement, although substantive federal law controls, jurisdiction may be had in either federal or state court. *Humphrey v Moore,* 375 US 335, 343-344; 84 S Ct 363; 11 L Ed 2d 370 (1964). Nonetheless, to hold an employer liable for such a violation under § 301, the plaintiff-employee must demonstrate that his union breached its duty of fair representation in pursuing his claim. Thus, the employee must show that the union either acted in bad faith or arbitrarily disposed of the employee's grievance. *Vaca v Sipes,* 386 US 171, 179-180; 87 S Ct 903; 17 L Ed 2d

842 (1967). Absent proof that the union breached its representational duties to the employee, the court proceedings instituted by the employee are preempted by the exclusiveness of the grievance and arbitration proceedings. *Id.,* 183-185. Although substantive federal law is controlling, since Congress did not enact a statute of limitations governing actions brought under the Labor Management Relations Act, federal law incorporates by reference the most appropriate limitation period provided by state law. While the characterization of a claim for limitations purposes is a matter of federal law, relevant state law characterization will apply unless unreasonable or inconsistent with national labor policy. *International Union, UAW v Hoosier Cardinal Corp,* 383 US 696, 704-706; 86 S Ct 1107; 16 L Ed 2d 192 (1966).

Decisions from various jurisdictions have characterized actions brought under § 301 both as sounding in tort and in contract. Compare *De Arroyo v Sindicato De Trabajadores Packinghouse, AFL-CIO,* 425 F2d 281 (CA 1, 1970), with *Butler v Local Union 823, International Brotherhood of Teamsters,* 514 F2d 442 (CA 8, 1975), *Buchholtz v Swift & Co,* 62 FRD 581 (D Minn, 1973), *Abrahams v Carrier Corp,* 434 F2d 1234 (CA 2, 1970), *Reliford v Eastern Coal Corp,* 260 F2d 447 (CA 6, 1958), *cert den* 359 US 958; 79 S Ct 797; 3 L Ed 2d 765 (1958). See, also, *Funchie v Packaging Corp of America,* 494 F Supp 662 (D Minn, 1980) (applying special state limitations period for wage actions). The issue, as presented in this case, is one of first impression for this Court.

In the instant case, the essence of plaintiff's complaint is that defendant breached the provisions of the relevant collective-bargaining agreement by terminating his employment. The agreement provided that an employee could be terminated for failure to call in when absent three or more days. However, under the agreement, upon calling in, an employee is to be given a "call in" number from

defendant's personnel department, which could later be used to verify that notice of the prolonged absence had been given. Plaintiff alleges that his employment was terminated despite the fact that he promptly notified defendant of his absence, pursuant to the collective-bargaining agreement. Inasmuch as plaintiff's claim is based upon an alleged breach of a collective-bargaining agreement it is subject to the six-year statute of limitations pertinent to breach of contract actions, MCL 600.5807(8); MSA 27A.5807(8). *Barry v Detroit Terminal R Co,* 307 Mich 226, 228-229; 11 NW2d 867 (1943).

Defendant asserts, and the trial court agreed, that *Glowacki v Motor Wheel Corp,* 67 Mich App 448; 241 NW2d 240 (1976), requires a contrary result. We believe the facts of the *Glowacki* decision to be distinguishable from the instant case. In *Glowacki,* the plaintiff employee filed suit against both the employer and union for her wrongful discharge. She alleged that the company, without union participation, wrongfully discharged her by failing to inform her that she should report back from a sick leave. Secondly, she contended that the company and union conspired to improperly process her grievance against the company. This Court concluded that the three-year limitations period applicable to tort actions governed the plaintiff's conspiracy claims against the company and union. *Id.,* 458-460. The Court also applied the tort limitations period to the plaintiff's separate breach of contract claim against the employer, reasoning that the two claims were so intimately related that strong reasons of public policy required the same limitations period to apply to both. *Id.,* 462. Moreover, the Court concluded that the plaintiff's claim, although labeled as one for breach of contract, actually sought damages for "injuries to the person". *Id.,* 461.[2]

In the instant case, plaintiff has not brought an

[2] See, also, *Echols v Chrysler Corp,* 633 F2d 722 (CA 6, 1980), *Gallagher v Chrysler Corp,* 613 F2d 167 (CA 6, 1980).

additional claim, sounding in tort, against his union for breach of its duty of fair representation. Plaintiff has instead filed suit only against his employer for its breach of the collective-bargaining agreement, seeking traditional damages for breach of an employment contract—lost wages and benefits.. Although plaintiff must prove a breach of the union's representational duty to maintain the action against defendant, his cause of action nonetheless remains one for breach of contract. As noted above, the necessity to show lack of diligence by the union is a jurisdictional requirement. That is, absent such proof, an employee is bound by the outcome of arbitration or grievance proceedings and has no independent right to litigate the underlying violation of the employer.

We realize that our holding produces one distinct anomaly. Had plaintiff added the union as an actual party defendant for its failure to fairly represent him, his entire suit would be dismissed under the three-year limitations period. *Glowacki v Motor Wheel Corp, supra.* Despite this inconsistency, we cannot ignore the fact that plaintiff's complaint against defendant is purely one for breach of the collective-bargaining agreement. The allegations against defendant are distinct from those that conceivably could be made against the union. The union is not an indispensable party to the present suit, even though the union's wrongdoing must be proven to permit judicial resolution of plaintiff's claim against the employer. See *Sandobal v Armour & Co,* 429 F2d 249, 256-258 (CA 8, 1970). Moreover, any inconsistency may be readily corrected by Congress or the Legislature by providing a specific and uniform limitations period for actions brought pursuant to § 301 of the Labor Management Relations Act.

Reversed and remanded for further proceedings.