Leo MANLEY, Plaintiff,

v.

GREAT LAKES STEEL CORP. and
United Steelworkers, Defendants.

Civ. No. 82–73041.

United States District Court,
E.D. Michigan, S.D.

Sept. 28, 1983.

Eugene A. Goreta, Ecorse, Mich., for plaintiff.

D. James Barton, Grosse Ile, Mich., for Great Lakes Steel.

Kim Arthur Siegfried, Allen Park, Mich., for United Steelworkers.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This action is an employee suit against the employer and a union, alleging the employer's breach of a collective bargaining agreement and the union's breach of its duty of fair representation with respect to the ensuing grievance proceedings. 29 U.S.C. § 185; *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Plaintiff filed his complaint on July 23, 1982 in

Wayne County Circuit Court seeking damages resulting from his discharge from employment on October 8, 1981 and which became final on November 10, 1981. The case was removed to this Court on August 13, 1982. The complaint alleges that his employer, Great Lakes Steel Corp., breached the collective bargaining agreement when it discharged plaintiff. It also alleges that the union, United Steelworkers, failed to fairly represent plaintiff in the grievance proceedings held subsequent to his discharge and pursuant to the collective bargaining agreement.

On January 31, 1983, the company filed a motion for summary judgment claiming that the action was time-barred by the six month limitations period set forth in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), as applied to these actions in Michigan by the Sixth Circuit in *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982). The union filed a motion urging the granting of summary judgment in its favor on the same grounds on February 1, 1983. Plaintiff responded to the motions on February 11, 1983. Argument was scheduled for and heard on March 28, 1983.

On February 24, 1983, the Sixth Circuit issued its decision in *Pitts v. Frito-Lay, Inc.,* 700 F.2d 330 (6th Cir.1983) holding that "the six-month statute of limitations adopted in *Badon* for suits of this nature should not be given retroactive effect." *Id.* at 334. However, the Sixth Circuit had held, one month earlier, that *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the case on which the *Badon* court relied, applied retroactively. *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100,* 698 F.2d 250 (6th Cir.1983) (decided January 17, 1983). Both *Pitts* and *Lawson* applied the principles set forth in *Chevron Oil Co. v. Hudson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) in determining retroactivity. At the hearing on the summary judgment motions now before the Court, the Court took the motions under advisement and requested each party to submit supplemental briefs on the effect

of *Lawson* and *Pitts* on the case at hand. The supplemental briefs were filed in April and May of 1983.

■ Complicating matters further in this case is the very recent decision of the Supreme Court in *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *DelCostello,* the Supreme Court held that the provisions of § 10(b) of the National Labor Relations Act establishing a six month limitations period for the filing of unfair labor practice charges with the National Labor Relations Board should be borrowed and applied to actions alleging the employer's breach of the collective bargaining agreement and the union's breach of its duty of fair representation.[1] In an earlier decision, *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court held that the appropriate limitations period for an employee's claim against the employer was to be found by looking to the state statute of limitations for actions seeking to vacate arbitration awards rather than by looking to the state statute of limitations for actions alleging breach of contract. The Court in *DelCostello* was quick to note the limited review of this issue afforded them by the questions posed in *Mitchell:*

> First, our holding was limited to the employee's claim against the employer; we did not address what *state* statute should govern the claim against the union. Second, we expressly limited our consideration to a choice between two state statutes of limitations; we did not address the contention that we should instead borrow a *federal* statute of limitations, namely § 10(b) of the National Labor Relations Act, 28 U.S.C. § 160(b). These cases present these two issues. We conclude that § 10(b) should be the applicable statute of limitations governing the suit, both against the employer and against the union.

103 S.Ct. at 2285 (footnotes omitted). Thus, as a result of *DelCostello,* actions such as

---

1. The *Badon* decision is not cited in *DelCostello.*

the one brought by plaintiff in the case at hand must be brought within six months of the accrual of the cause of action or be time barred.

In deciding whether plaintiff's claims in the case at hand are time barred, the Court must first determine the impact of *DelCostello* on *Badon* and *Pitts*. The Court is called on to address two questions in evaluating the impact of *DelCostello* on *Badon* and *Pitts*. First, does *DelCostello* alter the statute of limitations applicable to actions brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, that arise in Michigan? Second, is *DelCostello* to be applied retroactively?

*Badon* was the Sixth Circuit's first review of the Supreme Court's decision in *Mitchell* with respect to causes of action arising in Michigan. In *Badon,* the Sixth Circuit surveyed Michigan law in compliance with *Mitchell*'s directive to borrow the state statute of limitations for vacation of arbitration awards. When the Sixth Circuit discovered that Michigan does not have a limitations period for the vacating of labor arbitration awards, it followed the lead of Justice Stewart's concurrence in *Mitchell,* 451 U.S. at 65, 101 S.Ct. at 1565, urging the adoption of the six month limitations period in § 10(b) for the filing of unfair labor practice charges. Thus, in *Badon,* the Sixth Circuit held that actions *in Michigan* alleging an employer's breach of a collective bargaining agreement and the union's breach of its duty of fair representation were to be governed by a six month limitations period borrowed from § 10(b).

The conclusion in *DelCostello* that a six month limitations period adopted from § 10(b) is applicable to § 301 actions is identical to the conclusion reached in *Badon. Badon* reached the conclusion that the six month limitations period found in § 10(b) was applicable after finding that there was no relevant authority in Michigan establishing a limitations period for actions

seeking to vacate arbitration awards. *DelCostello,* on the other hand, reached the same conclusion after rejecting the *Mitchell* analogy to actions seeking to vacate arbitration awards. Therefore, the Court concludes that *DelCostello* does not alter the conclusion of the Sixth Circuit in *Badon.*

The question of the retroactive application of *DelCostello* was not addressed in that case. The Court did apply the six month limitations period to each of the two cases before it. Such application, however, is not a ruling on the appropriateness of retroactive application.[2] The general rule is that, in civil cases, a decision interpreting the law should be applied retroactively unless "it represents a 'clean break' with the past and unless in addition it would be fundamentally unfair or otherwise burdensome to so apply it." *Lawson, supra,* 698 F.2d at 254 (*citing Chevron Oil Co. v. Hudson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971); *United States v. Johnson,* 457 U.S. 537, 550 n. 12, 563, 102 S.Ct. 2579, 2587 n. 12, 2595 (1982)). *Chevron Oil* set forth the three factors to be considered when the retroactive application of a decision is challenged. 404 U.S. at 106–07, 92 S.Ct. at 355. This Court, however, need not apply the *Chevron Oil* test to *DelCostello.* Because the Sixth Circuit in *Pitts* concluded that the adoption of the six month limitations period from § 10(b) in *Badon* satisfied the *Chevron Oil* test for prospective application, and because the Supreme Court in *DelCostello* adopted the same six month limitations period from § 10(b), this Court concludes that it is compelled to find that *DelCostello* is not to be applied retroactively.[3] In *Pitts,* the Sixth Circuit was aware that the Supreme Court had granted certiorari in two cases to consider the suitability of applying the limitations period in § 10(b) to § 301 actions.

The Supreme Court in *Mitchell* was simply "called upon to determine which

---

**2.** In *Badon,* the Sixth Circuit applied the newly adopted six month limitations period to the facts of that case. The court later, in *Pitts,* determined that *Badon* should not be applied retroactively.

**3.** *Badon* remains applicable to causes of action arising in Michigan which have accrued post-*Badon.*

state statute of limitations period should be borrowed and applied to an employee's action against his employer under § 301." *United Parcel Service, Inc. v. Mitchell, supra,* 451 U.S. at 57, 101 S.Ct. at 1561 (emphasis added). Accordingly, this Court concluded that *Mitchell* does not represent "the kind of 'clean break' with past precedent contemplated in *Chevron*." *Lawson, supra,* at 254.

In *Badon,* however, this Circuit decided, notwithstanding the foregoing precedent directing utilization of a state limitations period, that in Michigan the courts must apply a *federal* statute of limitations to § 301 actions. *Badon* therefore is not a mere clarification of an established rule nor was it clearly foreshadowed by other decisions in this area of the law. Rather, *Badon* creates a new rule of law and represents a clean break with past precedent.

The Court would observe that the Supreme Court has recently granted certiorari in two cases to consider the suitability of applying § 10(b) to § 301 actions. *DelCostello v. International Brotherhood of Teamsters,* 679 F.2d 879 (4th Cir.) *cert. granted* —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982); *Flowers v. Local 2602, United Steelworkers of America,* [671 F.2d 87], *supra.* This, of course, does

not alter our characterization of *Badon* as an unforeseen development in the law. 700 F.2d at 333 n. 3. Therefore, the Court concludes that *DelCostello* is not to be applied retroactively.[4]

The conclusion that *DelCostello* and *Badon* are not to be applied retroactively does not resolve the question of the appropriate limitations period for the case at hand. *Pitts* suggested that because *Badon* was to be given prospective application only, the previous line of authority in this Circuit finding Michigan's three-year limitations period for tort actions was applicable. 700 F.2d at 332 (*citing Echols v. Chrysler Corp.,* 633 F.2d 722 (6th Cir.1980); *Gallagher v. Chrysler Corp.,* 613 F.2d 167 (6th Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 119, 66 L.Ed.2d 48 (1980); *Smart v. Ellis Trucking Co.,* 580 F.2d 215 (6th Cir.), *cert. denied,* 440 U.S. 958, 98 S.Ct. 1497, 59 L.Ed.2d 770 (1978)). In *Pitts,* however, the cause of action accrued prior to the Supreme Court's decision in *Mitchell.* Thus, the Sixth Circuit determined that the plaintiff in *Pitts* could properly have relied on the Supreme Court's holding in *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) that the most analogous state statute of limitations should be applied to § 301 actions. 700 F.2d at 334. The *Hoosier Car-*

---

4. In *DelCostello,* there is support for the Sixth Circuit's position that the decision to draw on a federal statute of limitations for a different but closely related cause of action, rather than on an analogous state statute of limitations, represents a departure from the general practice of the federal judiciary.

We stress that our holding today should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere. We do not mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy. See, e.g., *Mitchell,* 451 U.S., at 61, n. 3, 101 S.Ct., at 1563, n. 3. On the contrary, as the courts have often discovered, there is not always an obvious state-law choice for application to a given federal cause of action; yet resort to state law remains the norm for borrowing of limitations periods. Nevertheless, when a rule from elsewhere in federal law clearly provides a closer analogy than available state

statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.
103 S.Ct. at 2294.

In *Curtis v. International Brotherhood of Teamsters, Local 299,* 716 F.2d 360 (6th Cir. 1983), the Sixth Circuit did cite *DelCostello.* In *Curtis,* plaintiff filed an action against his employer and his union under § 301. Both defendants filed a motion for summary judgment on limitations grounds. Plaintiff failed to respond to the motions and the district court judge granted the motions for that reason.

The Sixth Circuit affirmed the lower court and made the following observation about *DelCostello* before quoting from the opinion. "We also note that the disposition in this case would have been consistent with the recent Supreme Court opinion in *DelCostello* . . . ." Id. at 361. This reference, in dictum, cannot support an inference that the Sixth Circuit intends *DelCostello* to be applied retroactively.

*dinal* Court did not decide which state statute of limitations was most appropriate; that was the issue before the Court in *Mitchell.* 451 U.S. at 58, 101 S.Ct. at 1561.

Relying on *Hoosier Cardinal,* the Sixth Circuit found Michigan's three year tort limitations period most analogous. *Smart v. Ellis Trucking Co.,* 580 F.2d 215, 217 (6th Cir.), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1978). The Michigan statute of limitations borrowed in *Smart* is Michigan's statute of limitations for actions seeking to recover for personal injury, for actions essentially sounding in tort.[5] While the *Mitchell* Court was faced only with the choice between the New York statute of limitations for actions for breach of contract and the New York statute of limitations for actions seeking to vacate arbitration awards, it did note that the New York statute of limitations for personal injury actions was inappropriate. 451 U.S. at 62 n. 4, 101 S.Ct. at 1564 n. 4. Thus, in Michigan, the statute of limitations for § 301 actions was three years prior to *Mitchell.* However, after *Mitchell,* the state statute of limitations applicable to causes of action seeking to vacate arbitration awards is appropriate.

In *Pitts,* the plaintiff's cause of action accrued in 1975, prior to *Mitchell.* The *Pitts* court concluded that, because a three year statute of limitations was in effect at the time plaintiff's cause of action accrued, and because *Badon* would not be applied retroactively, plaintiff's cause of action was subject to a three year statute of limitations.[6]

This Court finds that *Pitts* is distinguishable from the case at hand. Mr. Manley's

---

5. Mich.Comp.Laws Ann. § 600.5805(7).

6. In *Pitts,* the court noted that the prospective application of *Badon* did not "conflict" with the decision in *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100,* 698 F.2d 250 (6th Cir.1983) to apply *Mitchell* retroactively.

> [3] This Court has recently determined, employing the *Chevron* analysis, that *United Parcel Service v. Mitchell* should be applied retroactively. *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100,* 698 F.2d 250 (6th Cir.1983). The conclusion arrived at in the instant matter is not in conflict with *Lawson.* In *Mitchell,* as this Court observed in *Lawson, supra,* at 332, the Supreme Court was merely clarifying a rule—a rule which had been established 15 years earlier in *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). *Hoosier Cardinal,* held that "the timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate *state* statute of limitations." *Id.* at 704–705, 86 S.Ct. at 1112–13 (emphasis added). The Supreme Court in *Mitchell* was simply "called upon to determine which *state* statute of limitations period should be borrowed and applied to an employee's action against his employer under § 301." *United Parcel Service, Inc. v. Mitchell, supra* at 57, 101 S.Ct. at 1561 (emphasis added). Accordingly, this Court concluded that *Mitchell* does not represent "the kind of 'clean break' with past precedent contemplated in *Chevron.*" *Lawson, supra,* at 254.
>
> In *Badon,* however, this Circuit decided, notwithstanding the foregoing precedent directing utilization of a state limitations period, that in Michigan the courts must apply a *federal* statute of limitations to § 301 actions. *Badon* therefore is not a mere clarification of an established rule nor was it clearly foreshadowed by other decisions in this area of the law. Rather, *Badon* creates a new rule of law and represents a clean break with past precedent.
>
> The Court would observe that the Supreme Court has recently granted certiorari in two cases to consider the suitability of applying § 10(b) to § 301 actions. *DelCostello v. International Brotherhood of Teamsters,* 679 F.2d 879 (4th Cir.) *cert. granted,* —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982); *Flowers v. Local 2602, United Steelworkers of America* [671 F.2d 87], *supra.* This, of course, does not alter our characterization of *Badon* as an unforeseen development in the law.
>
> For the foregoing reasons, the Court concludes that the propriety of affording *Badon* retroactive effect, the issue presented in the matter *sub judice,* is distinguishable from the issue of applying *Mitchell* retroactively and it follows, a fortiori, that the instant case is distinguishable from *Lawson.*

700 F.2d at 333 n. 3. While the *Pitts* court thus distinguished the *retroactivity analysis* in *Lawson,* it failed to follow its mandate. The court did not at all attempt to ascertain the effect of the retroactive application of *Mitchell* on the cause of action of the plaintiff in *Pitts.* Thus, the decision in *Pitts* rests on fragile ground. However, because the cause of action in the case at hand accrued post-*Mitchell,* this Court need not attempt to reconcile *Pitts* with *Lawson.*

cause of action accrued on November 10, 1981, the date when he was informed that the union would not schedule his grievance for arbitration. It was on this date that he became aware that the union would no longer represent him in his attempt to be reinstated. It would clearly be error to apply a state statute of limitations applicable to actions alleging personal injury to § 301 actions accruing post-*Mitchell*. 451 U.S. at 62 n. 4, 101 S.Ct. at 1564 n. 4. Thus, *Pitts* is not controlling in the case at hand.

Plaintiff filed his complaint on July 23, 1982, more than eight months after the cause of action accrued. The question for this Court is what is the applicable limitations period for causes of action accruing post-*Mitchell* and pre-*Badon*. This Bench did rule that the applicable limitations period for § 301 actions accruing post-*Mitchell* in Michigan was the twenty day limitations period applicable to actions seeking to vacate an arbitration award as set forth in Michigan General Court Rule 769.9(2) (1981). *Kikos v. International Brotherhood of Teamsters,* 526 F.Supp. 110 (E.D.Mich. 1981).[7] *Badon* subsequently rejected the applicability of Rule 769.9(2):

> Having decided that *Mitchell* controls the facts of this case, we must next apply the Michigan statute of limitations regulating the vacation of arbitration awards. In Michigan, the relevant limitations period is found, not in a statute, but in Court Rule GCR 1981, 769.9(2), which applies a twenty-day period to motions to vacate arbitration awards. This rule, however, controls only "statutory arbitration under RJA (Revised Judicature Act) Chapter 50." GCR 1981, 769.1. Chapter 50 of the RJA in turn expressly provides: "The provisions of this chapter *shall not* apply to collective contracts between employers and employees or associations of employees in respect to terms or conditions of employment." M.C.L.A. § 600.-5001(3), M.S.A. § 27A.5001(3) (emphasis added).

679 F.2d at 98. After concluding that Michigan had excluded labor disputes from statutory arbitration, thus negating the applicability of Rule 769.9(2) to § 301 actions, the court went on to note that it was "left without guidance by the state of Michigan with respect to the time period within which actions to vacate labor arbitration awards must be brought." 679 F.2d at 99. The court went on to adopt the six month limitations period found in § 10(b) of the National Labor Relations Act for the filing of unfair labor practice charges. The court relied on the concurring opinion of Justice Stewart in *Mitchell. Id. (citing United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 70–71, 101 S.Ct. 1559, 1567–68, 67 L.Ed.2d 732 (1981)).[8] As the Sixth Circuit noted, and as a thorough review of Michigan law would have demonstrated, Rule 769.9(2) is expressly not applicable to "collective contracts between employers and employees" with respect to the terms and conditions of employment. Rule 769.1 and Mich.Comp. Laws Ann. § 600.5001(3).

The conclusion that *Kikos* incorrectly stated Michigan law leaves this Court without any guidance with respect to the appropriate limitations period post-*Mitchell* and pre-*Badon*. *Mitchell*'s directive to adopt the state limitations period for actions seeking to vacate an arbitration award rang hollow in Michigan. Further, *Mitchell* foreclosed application of the state statute of limitations for breach of contract actions, for personal injury actions, and for malpractice actions. 451 U.S. at 62 n. 4, 101 S.Ct. at 1564 n. 4. Thus, a district court sitting in Michigan reviewing a § 301 cause of action which accrued post-*Mitchell* and pre-*Badon* would face the same problems that the Sixth Circuit faced in *Badon,* a lack of guidance from Michigan law. A plaintiff whose § 301 action accrued post-*Mitchell* would have likewise discovered this problem in the course of his research.

**7.** There are no other reported decisions where the cause of action arose in Michigan post-*Mitchell* and pre-*Badon*.

**8.** The Supreme Court in *DelCostello, supra,* also found Justice Stewart's concurrence in *Mitchell* persuasive. 103 S.Ct. at 2390.

This Court concludes that § 301 causes of action accruing post-*Mitchell* are governed by a six month statute of limitations period drawn from § 10(b) of the National Labor Relations Act. This conclusion is not derived from retroactive application of *Badon* but rather flows from the Supreme Court's analysis in *Mitchell*. As noted, *Mitchell* foreclosed application of the state statute of limitations for breach of contract actions, for personal injury actions, and for malpractice actions. 451 U.S. at 62 n. 4, 101 S.Ct. at 1564 n. 4. Because *Mitchell* foreclosed application of all but one state statute of limitations, and because Michigan did not have such a statute of limitations, a district court in Michigan reviewing this matter post-*Mitchell* would have first looked to *Mitchell* to determine if it proposed any alternative approach to this problem. While the opinion of the Court in *Mitchell* acknowledged the limited choice it faced, 451 U.S. at 60 n. 2, 101 S.Ct. at 1562 n. 2, three justices wrote separate opinions addressing alternative solutions. Justice Blackmun wrote a brief concurrence.

> I join the Court's opinion because I am persuaded that the Court has made the correct choice between the two state law alternatives presented by the parties. As the Court observes, the applicability of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), was never pressed by either party, and was not considered by the Court of Appeals. Although I find much that is persuasive in Justice Stewart's analysis, resolution of the § 10(b) question properly should await the development of a full adversarial record.

451 U.S. at 64–65, 101 S.Ct. at 1564–65. Justice Stewart, concurring, suggested

adopting the six month limitations period in section 10(b). 451 U.S. at 65–71, 101 S.Ct. at 1565–68. The opinion of the Court does not confront Justice Stewart's recommendation. However, as has been well documented, Justice Stewart's position served as the basis for the decisions in *Badon* and *DelCostello*. The final opinion in *Mitchell* was drafted by Justice Stevens and recommended adopting the state statute of limitations for malpractice actions. 451 U.S. at 71–76, 101 S.Ct. at 1568–71. This position was considered and rejected by the Court. 451 U.S. at 62 n. 4, 101 S.Ct. at 1564 n. 4.

Therefore, because the only alternative to the state statute of limitations applicable to actions seeking to vacate arbitration awards not foreclosed from consideration by the Supreme Court in *Mitchell* is the six month period in § 10(b), and because "[i]n § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system," 451 U.S. at 70, 101 S.Ct. at 1567 (Stewart, J. concurring), this Court finds that a § 301 cause of action accruing post-*Mitchell* in Michigan is subject to a six month limitations period. Thus, because plaintiff filed this action more than eight months after the cause of action accrued, the claim is time barred by the six month limitations period found in section 10(b) of the National Labor Relations Act. 29 U.S.C. § 160(b). Application of a six month limitations period to a cause of action arising post-*Mitchell* does not unfairly circumscribe plaintiff's right to redress his alleged injury.[9] A thorough review of the relevant law in Michigan post-

---

**9.** At one point in these proceedings, plaintiff relied on *Romero v. Paragon Steel,* 116 Mich. App. 261, 323 N.W.2d 363 (1982). Plaintiff sued his employer under § 301 of the Labor Management Relations Act for wrongful discharge. The question before the court was what state statute of limitations was applicable. The court, relying on *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), adopted Michigan's six year statute of limitations for

breach of contract actions. Mich.Comp.Laws Ann. § 600.5807(8). The case was submitted to the court on April 14, 1982 and decided on May 19, 1982. This is one full year after the Supreme Court's decision in *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). The *Romero* court, however, completely failed to note the *Mitchell* decision. This Court finds, without question, that *Mitchell* is controlling and that *Romero* was incorrectly decided.

*Mitchell* would have yielded the conclusion that prompt filing was necessary.

Therefore, for the reasons stated herein, the motions for summary judgment filed by each defendant, Great Lakes Steel Corp. and the United Steelworkers, will be granted. An appropriate order shall be submitted.